Special proceeding to assess damages to petitioner's lands alleged to have been taken by the State Highway Commission in the location and construction of Highway No. 74.
Summons was issued 1 December, 1930, returnable thirty days after date of service, and was served, together with the petition, 2 December following. Answer to the petition was filed 10 December, and on 29 December, or three days before the expiration of the return day, without notice and in the absence of the defendant, the clerk entered an order appointing appraisers, but without designating when they should meet.
Five days thereafter, to wit, on 3 January, 1931, the appraisers met without notice to the defendant, awarded damages to the petitioner in the sum of $1,500, found that there were no "special benefits" and failed to consider the question of general benefits. Notice of this appraisal was received by the defendant 6 January, 1931. Exceptions to the appointment of the appraisers, to the meeting of the appraisers, and to the award of the appraisers were filed 7 January. It appears from the record, however, that on 5 January, without notice to the defendant, the clerk had already entered judgment confirming the report of the appraisers.
Without any ruling on the defendant's exceptions, the cause seems to have been transferred to the civil issue docket, and was calendared for trial at the February Term, 1931, Moore Superior Court. *Page 771 
Counsel for the defendant being unable to attend the February Term of court, due to conflicting engagements, and failing to secure a continuance by consent, wired the presiding judge asking that the case be continued for the term. This was granted upon the following conditions:
"That the defendants waive all technical objections in the procedure, and particularly the lack of notice claimed in the motion, and the further express condition that the defendants pay the costs of this proceeding up to and including the present term of court. Upon the failure of the defendants to comply with the foregoing conditions the judgment before the clerk will stand affirmed, and upon a waiver of the alleged irregularity and upon payment of the costs as aforesaid the action will stand regularly for trial upon the issues raised in the pleadings."
From this order the defendant appeals, assigning error.
The defendant's exceptions have not been passed upon either by the clerk or the judge, and under the order of continuance substantial rights are required to be waived to obtain a hearing of any kind. This is contrary to the usual course and practice of the courts. Carter v. Rountree,109 N.C. 29, 13 S.E. 716. Furthermore, the order in question is not self-executing, and its terms are conditional. Church v. Church,158 N.C. 564, 74 S.E. 14. "Alternative or conditional judgments are void."Lloyd v. Lumber Co., 167 N.C. 97, 83 S.E. 248.
The order will be vacated, to the end that further proceedings may be had as the law directs and the rights of the parties require.
Error.