A. L. LUFF v. JOSEPH LEVEY, RACHEL LEVEY, SADIE GOLDMAN, I. M. GOLDMAN AND UNITED TALC AND CRAYON MANUFACTUR- ING COMPANY, JOSEPH ROGEN AND FULLER WISHART, AND UNITED TALC AND CRAYON COMPANY.

(Filed 21 December, 1932.)

1. **Attachment G a—Defendant whose property has been attached held party with sufficient interest to move to vacate attachment.**

Any one of several defendants whose property has been attached has such an interest in the action as to maintain a motion to vacate the attachment.

2. **Attachment C d—Judge may order plaintiff to file increased bond, but may not order attachment vacated if bond is not filed within time.**

On appeal by both parties from an order of the clerk requiring the plaintiff in attachment to file an increased bond, the judge of the Superior Court has the power to order the plaintiff to give further security or an increased bond, C. S., 827, but he may not add a condition to the order that the attachment be vacated *ipso facto* if the increased bond is not filed by a certain time, and on appeal to the Supreme Court the order for an increased bond will be affirmed and the condition stricken out, and it appearing that the time set by the court for filing the increased bond has expired, the plaintiff will be given a reasonable time for filing the bond.

CIVIL ACTION, before *Warlick, J.,* at February Term, 1932, of MOORE.

The plaintiff instituted this action against the defendants, Joseph Levey and Rachel Levey, to recover damages for malicious prosecution and malicious abuse of process. The Leveys had conveyed certain prop- erty owned by them to their codefendants, Sadie Goldman, Fuller Wish- art, I. M. Goldman and Jos. Rogen. A warrant of attachment was duly issued against Jos. Levey and Rachel Levey, running against all their property, and also, all property transferred by them to other parties above mentioned. A notice of *lis pendens* was also filed. The defendants moved to vacate the attachment, and motion was denied by the clerk. The Leveys filed an answer and thereafter lodged a motion under C. S., 827 for the purpose of requiring the plaintiff to increase the bond given

in the original action. It appeared that the plaintiff was seeking to recover the sum of $75,000, and had given a $200.00 attachment bond. The clerk heard the motion and required the plaintiff to enter into a bond in the sum of $1,000. From this order both the plaintiff and the defendants appealed to the judge. When the cause was heard by the trial judge he decreed that the plaintiff should give a bond in the sum of $5,000, "conditioned as by the statute provided, to be approved by the clerk of this court, the same to be duly executed, approved and filed with the clerk of this court by or before twelve o'clock m., on Monday, 7 March, 1932. Upon failure of the plaintiff to comply with this order, within the above time specified, the attachment heretofore issued in this cause shall be vacated and discharged *ipso facto,* without further action by the court."

From the foregoing judgment the plaintiff appealed.

*K. R. Hoyle for plaintiff.*
*H. F. Seawell, Jr., C. A. Douglass, J. A. Spence and H. M. Robins for defendants.*

PER CURIAM. The warrant of attachment expressly operated upon "all of the property of defendants, Joseph Levey and Rachel Levey, both real and personal," together with such property as they had transferred to their codefendants. Consequently the Leveys were parties to the action with sufficient interest in the subject-matter thereof to enable them to make and maintain a motion for vacating the attachment. Moreover, when the clerk of the Superior Court required the bond of the plaintiff to be increased, both parties appealed to the judge, and he had the power to require the plaintiff to give further security or an increased bond. *Power Co. v. Lessem,* 174 N. C., 358, 93 S. E., 836. However, that part of the order of the judge providing that upon failure to give the increased bond "the attachment heretofore issued in this cause shall be vacated and discharged *ipso facto,* without further action by the court," constitutes a condition which the law does not permit. *Lloyd v. Lumber Co.,* 167 N. C., 97, 83 S. E., 248; *Flinchum v. Doughton,* 200 N. C., 770, 158 S. E., 486. Hence, while the order requiring an increased bond, is wholly valid, the condition annexed thereto is invalid. Therefore, the plaintiff is required to give a $5,000 bond to be approved by the clerk of the county in which the action is pending. As it appears upon the face of the record that the time for giving said bond has expired, plaintiff is permitted to file a bond in compliance with the order within a reasonable time.

Modified and affirmed.