W. C. PALMER AND WIFE, HAZEL H. PALMER v. M. R. S.
DEVELOPMENT CORPORATION

No. 7025SC555

(Filed 18 November 1970)

1. **Attachment § 7— failure to post increased bond required by court order — dismissal of attachment — authority of court**

   A judge of the superior court had authority to require plaintiffs in attachment to increase their bond required by G.S. 1-440.10 or have their attachment dismissed and to dismiss the attachment by a second order in which he found that the increased bond required by his previous order was not posted within the time specified.

2. **Attachment § 7— amount of plaintiffs' bond — jury trial**

   Plaintiffs in attachment were not entitled to a jury trial on the question of increasing the bond required by G.S. 1-440.10, the size of a plaintiff's bond not being within the "issues" envisioned by G.S. 1-440.36(c).

APPEAL by plaintiffs from *Beal, Special Judge,* in Chambers, Lenoir, N. C., 8 May 1970 and 15 May 1970.

In their complaint, filed in CALDWELL Superior Court on 23 April 1970, plaintiffs allege: Defendant is a North Carolina corporation. On 5 May 1969 the parties entered into a written contract whereby plaintiffs agree to sell, and defendant agreed to purchase, certain lands in Watauga County belonging to plaintiffs. Defendant owes plaintiffs $42,300 less credits of approximately $18,500 on said contract. Defendant owns certain other lands in Watauga County which are heavily encumbered; defendant is attempting to sell its lands and all of its assets with intent to defraud its creditors and particularly plaintiffs. Plaintiffs ask for judgment in the sum of $23,800 and that defendant's lands be attached.

On the same day they filed their complaint, plaintiffs filed an affidavit as required by G.S. 1-440.11 and a bond or undertaking as required by G.S. 1-440.10 in amount of $200. An Assistant Clerk of the Superior Court of Caldwell County issued a warrant of attachment addressed to the Sheriff of Watauga

County and on 24 April 1969 said sheriff levied on approximately seventy-five acres of land belonging to defendant in Watauga County.

On 6 May 1970, defendant filed a written motion in Caldwell Superior Court asking that the action be dismissed, that the attachment be dismissed pursuant to G.S. 1-440.36, or that plaintiffs' undertaking be increased $500,000. On the same day plaintiffs, pursuant to G.S. 1-440.36, filed written request for a jury trial on all issues raised by defendant's motion.

On 20 May 1970 an order signed by Judge Beal dated 8 May 1970, *"nunc pro tunc,"* was filed, the order being summarized as follows: This cause came on to be heard on 1 May 1970 upon a special appearance by defendant asking that the order of attachment be dismissed or that plaintiffs' undertaking be increased $500,000. Attorneys for all parties were present, but plaintiffs' attorney complained that he had only two hours notice of the hearing. After considering an affidavit presented by defendant and the contentions of the parties, the court found that the $200 undertaking posted by plaintiffs did not provide reasonable protection to defendant in the event that plaintiffs failed to prevail and that the undertaking should be increased to $75,000. It was ordered that plaintiffs post a bond of $75,000 by 5:00 P.M. on 5 May (1970) "or the attachment be dismissed."

On 20 May 1970 an order signed by Judge Beal dated 8 May 1970 was filed, this order being summarized in pertinent part as follows: Plaintiffs having given notice of appeal from the order of 1 May 1970 requiring plaintiffs to post a bond for $75,000 by 5:00 P.M. on 5 May 1970 or the attachment would be dismissed, and the court concluding that plaintiffs are not entitled to a jury trial on the question of the amount of bond plaintiffs should post, and the court finding that plaintiffs failed to post bond for $75,000 as heretofore ordered and that the only bond now posted is the original $200 bond, the order of attachment is dismissed.

Plaintiffs appeal from the orders of Judge Beal.

*West and Groome by H. Houston Groome, Jr. for plaintiffs appellants.*

*Collier, Harris and Homesley by Richard M. Pearman, Jr. for defendant appellee.*

Palmer v. Development Corp.

BRITT, Judge.

[1]  Although cretain proceedings in this case as revealed by the record, particularly the brief notice of hearing provided plaintiffs or their attorneys and the filing of orders twelve days after rendition, are not to be commended, we hold that Judge Beal exercised lawful authority in requiring plaintiffs to increase their bond or have their attachment dismissed, and dismissing the attachment when plaintiffs failed to post the additional bond within the time fixed.

G.S. 1-440.40 (a) provides that "(a)t any time before judgment in the principal action, on motion of the defendant, the clerk or judge may, if he deems it necessary in order to provide adequate protection, require an increase in the amount of the bond previously given by or required of the plaintiff." G.S. 1-440.9 authorizes a court of proper jurisdiction to fix all necessary procedural details in any matter pending under the provisions of Article 35 of Chapter 1 entitled "Attachment" where the statute fails to make definite provision.

Article 35 does not specifically authorize the court to dissolve or dismiss an attachment when a plaintiff fails to carry out the court's order to increase the bond, but pursuant to the general authorization of G.S. 1-440.9 to fix all procedural details not specified elsewhere, and in aid of its own jurisdiction over the matter, we think the court has authority to dissolve an attachment after the court's lawful order has not been carried out. *Luff v. Levey,* 203 N.C. 783, 166 S.E. 922 (1932), is distinguishable from the instant case. In the Luff case the Superior Court in a single order provided that plaintiff's bond should be increased a specified sum and "upon failure of the plaintiff to comply with this order, within the above time specified, the attachment heretofore issued in this cause shall be vacated and discharged *ipso facto,* without further action by the court." The Supreme Court held that while the order requiring an increased bond was wholly valid, the condition annexed was invalid. In the instant case Judge Beal entered a second order in which he found that the increased bond required by his previous order was not posted within the time specified and because thereof dismissed the attachment.

[2]  Plaintiff's contention that they were entitled to a jury trial on the question of increasing the bond is without merit. We do

not think the "issues" envisioned by G.S. 1-440.36(c) include the size of a plaintiff's bond.

The orders of the superior court appealed from are

Affirmed.

Judges CAMPBELL and HEDRICK concur.