CAVIN'S, INC. v. ATLANTIC MUTUAL INSURANCE COMPANY

No. 7510DC488

(Filed 17 December 1975)

1. **Insurance § 79— liability insurance — personal injury from malicious prosecution — nonapplicability to punitive damages**

    An insurance policy obligating the insurer to pay on behalf of the insured such sums as the insured shall become legally obligated to pay as damages "because of personal injury" arising out of malicious prosecution and providing that the insurance afforded is "only with respect to personal injury" did not afford coverage against punitive damages in a malicious prosecution suit.

2. **Damages § 11— punitive damages**

    Punitive damages are not awarded as compensation but are awarded as a punishment for the defendant's intentional wrong.

3. **Insurance § 6— construction of insurance contract**

    The rule that insurance contracts will be construed most strongly against the insurer and most liberally in favor of the insured applies only where the language used is ambiguous or is susceptible of more than one construction and does not authorize the court to rewrite the policy, either by striking out language which it contains or by adding clauses which it does not have.

4. **Insurance § 6— terms of policy — contradiction by agent's representations**

    The terms of an insurance policy providing liability coverage for compensatory damages arising out of malicious prosecution could not be contradicted by evidence of representations by the insured's agent that the policy would provide coverage for punitive as well as actual damages.

APPEAL by plaintiff from *Winborne, Judge*. Judgment entered 28 February 1975 in District Court, WAKE County. Heard in the Court of Appeals 24 September 1975.

In this civil action plaintiff, as named insured, seeks to recover under a "Special Multi-Peril Policy" issued to it by defendant Insurance Company. The policy contained a "Personal Injury Liability Insurance Endorsement," which insofar as pertinent to this appeal provides as follows:

"In consideration of the payment of the premium . . . and subject to all the terms of this endorsement, the Company agrees with the named insured as follows:

SCHEDULE

The insurance afforded is only with respect to personal injury arising out of an offense included within such of the following groups of offenses as are indicated by specific premium charge or charges:

Groups of Offenses

A. False Arrest, Detention or Imprisonment, or Malicious Prosecution _____ Included.

\*    \*    \*    \*    \*

I. COVERAGE—PERSONAL INJURY LIABILITY

The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury (herein called 'personal injury') sustained by any person or organization and arising out of one or more of the following offenses:

Group A— false arrest, detention or imprisonment, or malicious prosecution.

\*    \*    \*    \*    \*

. . . . . and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such personal injury . . . . .

\*    \*    \*    \*    \*

IV. AMENDED DEFINITION

When used in reference to this insurance:

'damages' means only those damages which are payable because of personal injury arising out of an offense to which this insurance applies."

On 9 April 1971, while the policy was in force, one Emory brought suit against plaintiff-insured, Cavin's, Inc., and against

---

Cavin's, Inc. v. Insurance Co.

---

Wade L. Cavin, its sole stockholder, alleging they were guilty of malicious prosecution for which Emory sought recovery of actual damages of $30,000.00 and punitive damages of $500,000.00. Cavin's, Inc. gave due notice to defendant Insurance Company of the institution of that suit. On 23 April 1971 defendant Insurance Company notified Cavin's, Inc. that, as construed by the Insurance Company, the policy provided coverage for actual damages but no coverage for punitive damages, a position which the Insurance Company has continued to maintain throughout this matter. Ultimately, the suit for malicious prosecution brought by Emory was settled by agreement of the parties to that suit, concurred in by defendant Insurance Company, by the payment to Emory of $8,000.00. It was agreed between Cavin's, Inc., Wade L. Cavin, and defendant Insurance Company that the settlement represented payment of actual damages in the amount of $3,500.00 and payment of punitive damages in the amount of $4,500.00 "as if a jury verdict had been returned in favor of Emory" for $3,500.00 in actual damages and $4,500.00 in punitive damages. Pursuant to this agreement, defendant Insurance Company paid the $3,500.00 which represented payment of actual damages, and Cavin's, Inc. paid the $4,500.00 which represented payment of punitive damages, it being agreed that these payments would not prejudice any of the parties in a subsequent determination by the court as to whether the insurance policy provided coverage for punitive damages.

After the Emory suit for malicious prosecution was settled in the foregoing manner, Cavin's, Inc., brought this action against defendant Insurance Company, alleging that the insurance policy provided coverage against punitive damages and seeking recovery of $4,500.00, the amount it had paid as punitive damages in settling Emory's suit. Defendant Insurance Company filed answer denying that the policy provided coverage for payment of punitive damages. Based on the pleadings and stipulated facts, both parties filed motions for summary judgment. The court denied plaintiff's motion, allowed defendant's motion, and dismissed plaintiff's action. Plaintiff appealed.

*Newsom, Graham, Strayhorn, Hedrick, Murray & Bryson by Josiah S. Murray III and Robert B. Glenn, Jr. for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay by Grady S. Patterson, Jr. for defendant appellee.*

Cavin's, Inc. v. Insurance Co.

PARKER, Judge.

In the policy sued upon, defendant Insurance Company did not agree to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages, . . . arising out of . . . malicious prosecution." Had the policy read in that fashion, plaintiff would be entitled to prevail. Such an agreement, however, can be read into the policy only by ignoring the words omitted from the foregoing quoted portion of the policy and by ignoring as well other clearly expressed policy provisions. This, we have no right to do.

[1]    What the policy did provide was that defendant Insurance Company will "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages *because of injury (herein called 'personal injury') sustained by any person or organization and* arising out of . . . malicious prosecution." (Emphasis added.) In the opening sentence after the word *"Schedule"* on the policy endorsement with which we are here concerned, it is expressly stated that "[t]he insurance afforded is *only with respect to personal injury* arising out of an offense included within [the policy coverage]," and in a separate paragraph entitled *"Amended Definition"* the word "damages" is specifically defined as meaning *"only* those damages which are payable *because of personal injury* arising out of an offense to which this insurance applies." (Emphasis added.) Thus, the policy makes it as clear as language can make it that the insurance company is bound to pay on behalf of the insured only such sums as the insured shall become legally obligated to pay as damages *"because of personal injury"* and that the insurance afforded is *"only with respect to personal injury."* The question presented by this appeal, therefore, is whether the sum of $4,500.00 which plaintiff insured became legally obligated to pay to Emory as punitive damages was payable as damages "because of personal injury" and "only with respect to personal injury." We agree with the trial court that it was not and therefore plaintiff is not entitled to recover in this action.

[2]    Punitive damages, as the descriptive name clearly implies, are awarded as a punishment. They are never awarded as compensation. "They are awarded above and beyond actual damages, as a punishment for the defendant's intentional wrong. They are given to the plaintiff in a proper case, not because they are due, but because of the opportunity the case affords

the court to inflict punishment for conduct intentionally wrong-ful." *Transportation Co. v. Brotherhood,* 257 N.C. 18, 30, 125 S.E. 2d 277, 286 (1962). Punitive damages are never awarded merely because of a personal injury inflicted nor are they measured by the extent of the injury; they are awarded because of the outrageous nature of the wrongdoer's conduct. Being awarded solely as punishment to be inflicted on the wrongdoer and as a deterrent to prevent others from engaging in similar wrongful conduct, punitive damages can in no proper sense be considered as being awarded "only with respect to personal injury" or as damages "which are payable because of personal injury." Compensatory damages, which are awarded to compensate and make whole the injured party and which are therefore to be measured by the extent of the injury, are the only damages which are payable "because of personal injury."

[3] In its brief on this appeal, plaintiff contends that "[e]ven if the defendant did not intend to provide coverage for punitive damages, it used terminology which was subject to two differ-ent interpretations," and "[t]he interpretation which was cho-sen by the plaintiff was that the policy covered all damages for which it may become legally obligated to pay as damages if it was involved in a suit for malicious prosecution." We find no such ambiguity as plaintiff asserts. The interpretation chosen by the plaintiff can be arrived at only by completely ignoring and reading out of the written policy language which it in fact contains. The rule that insurance contracts will be construed most strongly against the insurer and most liberally in favor of the insured does not extend so far as to authorize the court to rewrite the policy, either by striking out language which it contains or by adding clauses which it does not have. That rule applies only where the language used is ambiguous or is sus-ceptible of more than one construction. However, it is generally held, certainly in this State, "that where the language of an insurance policy is plain, unambiguous, and susceptible of only one reasonable construction, the courts will enforce the contract according to its terms." *Walsh v. Insurance Co.,* 265 N.C. 634, 639, 144 S.E. 2d 817, 820 (1965). Both parties joined in making the policy definition of "damages" as "only those damages which are payable because of personal injury" a part of their contract. "One alone cannot remove or change it." *Duke v. In-surance Co.,* 286 N.C. 244, 248, 210 S.E. 2d 187, 189 (1974). "The parties having thus agreed, so shall they be bound." *Walsh v. Insurance Co., supra,* p. 640.

[4]   As an alternative argument, plaintiff contends that summary judgment for defendant was improper because there exists a genuine issue of material fact. In support of this position plaintiff points to the allegations in its complaint, which are denied in defendant's answer, that prior to purchasing the policy plaintiff made specfic inquiry, and "defendant's agent expressly represented to the plaintiff that the subject insurance policy applied for and subsequently issued obligated the defendant-insurer to make payment of any punitive damages, as well as actual damages, for which the insured, plaintiff herein, should become legally obligated to pay resulting from or occasioned by or arising out of any offense of malicious prosecution." In its brief plaintiff contends that "[t]he disputed representations by the defendant's agent are evidence which would establish the existence of the ambiguity in the policy terminology," from which plaintiff argues that summary judgment was improper "as there existed an ambiguity in the contract which demanded interpretation only after consideration of all the surrounding circumstances including the disputed fact of whether or not representations were made, with authority by the defendant's agent." However, the disputed representations, if made, would establish no ambiguity; they would directly contradict the written policy. Under long established precedent, this may not be done. In *Floars v. Insurance Co.*, 144 N.C. 232, 235, 56 S.E. 915, 916 (1907), our Supreme Court said:

> "[I]t is also accepted doctrine that when the parties have bargained together touching a contract of insurance and reached an agreement, and in carrying out, or in the effort to carry out, the agreement, a formal written policy is delivered and accepted, the written policy, while it remains unaltered, will constitute the contract between the parties, and all prior parol agreements will be merged in the written instrument; nor will evidence be received of prior parol inducements and assurances to contradict or vary the written policy while it so stands as embodying the contract between the parties.

> Like other written contracts, it may be set aside or corrected for fraud or for mutual mistake; but, until this is done, the written policy is conclusively presumed to express the contract it purports to contain."

Here, plaintiff has alleged neither fraud nor mutual mistake, only that he reasonably relied on representations made by de-

fendant's agent. Not seeking reformation, plaintiff has brought suit and declared upon the policy itself. The rights of the parties must be determined by its terms as written.

Finding, as we do, that the insurance policy now before us does not provide the coverage for which plaintiff contends, we do not reach the question, ably argued in the briefs of both parties, of whether a policy provision purporting to provide liability insurance protection against punitive damages would in any event be void as against public policy. For decisions from other jurisdictions on this question, see the cases collected in Annot., 20 A.L.R. 3rd 343, § 3 (1968).

The judgment appealed from is

Affirmed.

Judges BRITT and CLARK concur.