JOHNNIE F. CARAWAN, PLAINTIFF v. TOM TATE AND FRIENDLY PARKING SERVICE, INC., DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. AETNA CASUALTY AND SURETY COMPANY, THIRD-PARTY DEFENDANT

No. 104

(Filed 12 January 1982)

1. **Rules of Civil Procedure §§ 50.1, 59 — judgment n.o.v. versus new trial — inconsistency in order**

    The trial court's order was inconsistent in that the court granted judgment n.o.v. on the issue of punitive damages because the verdict was ex-

Carawan v. Tate

cessive. Excessive verdicts, however, present a ground for granting a new trial and not for granting judgment n.o.v. G.S. 1A-1, Rule 50 and Rule 59(a)(6).

**2. Appeal and Error §§ 6, 7; Parties § 2— real parties in interest—right of cross-appeal**

In a civil assault action where punitive as well as compensatory damages were awarded to plaintiff by the jury; the trial court allowed defendants' motion for judgment n.o.v. with respect to the punitive damages; the defendants received a judgment against their insurer for the amount they were deemed to owe plaintiff for compensatory damages; and plaintiff subsequently appealed the granting of the judgment n.o.v. for punitive damages, defendants were properly permitted to cross-appeal from the judgment awarding plaintiff compensatory damages. When plaintiff appealed and defendants were faced with the possibility that the appellate court might not agree with the trial court's action regarding the punitive damages issue, defendants potentially became aggrieved parties and they had the right to cross-appeal pursuant to App. Rule 10(d).

APPEAL by plaintiff from the decision of the Court of Appeals reported in 53 N.C. App. 161, 280 S.E. 2d 528 (1981), reversing the judgment of *Howell, J.*, entered at the 20 December 1979 Session of MECKLENBURG Superior Court.

This action arose out of an alleged assault of plaintiff by defendant Tate, an employee of defendant Friendly Parking Service, Inc., during a dispute over parking fees. (The details of the incident are set forth in the Court of Appeals' opinion and need not be repeated here.)

Plaintiff brought suit seeking both compensatory and punitive damages. Defendant Tate counterclaimed for damages, alleging that plaintiff had assaulted him. A third party complaint was filed by defendants against their insurer, Aetna Life and Casualty, praying that they recover from the insurer the amount of any verdict to which plaintiff was entitled. They also sought payment by Aetna of their legal expenses and the costs of defending the action regardless of whether plaintiff obtained a judgment against defendants.

Plaintiff prevailed at trial and the jury awarded him $3,000 compensatory damages and $12,000 punitive damages. Defendants filed motions for judgment notwithstanding the verdict pursuant to G.S. 1A-1, Rule 50, and for a new trial pursuant to Rule 59. In ruling on the motions the court entered the following order:

This Cause came on to be heard before the undersigned upon the defendants Tom Tate and Friendly Parking Service, Inc.'s Motion for Judgment Notwithstanding the Verdict.

The Court, after considering the Motion, makes the following Findings and Conclusions:

(1) That there was sufficient evidence to support the Jury's verdict with respect to compensatory damages in the amount of $3,000.00.

(2) That the Jury's verdict with respect to punitive damages was against the greater weight of the evidence and should be set aside.

Based upon the foregoing Findings and Conclusions, it is ORDERED, ADJUDGED AND DECREED that the defendants' Motion for Judgment Notwithstanding the Verdict on punitive damages is allowed.

Thereupon, the court entered judgment in favor of plaintiff against defendants for $3,000.00 plus costs. The court also entered judgment in favor of defendants against the third party defendant, Aetna, in the amount of $3,000 plus costs including attorney fees.

On 23 January 1980 Aetna paid the judgment against it, depositing $7,030 with the Clerk of Superior Court of Mecklenburg County. Defendants' attorney of record received the money from the clerk and cancelled the judgment against Aetna. Defendants have not paid plaintiff's judgment against them.

Plaintiff gave notice of appeal in open court and the appeal entries were dated 20 December 1979. In apt time, defendants gave notice of cross-appeal from the judgment entered 20 December 1979 awarding plaintiff $3,000 compensatory damages.

The Court of Appeals in an opinion written by Judge Webb, concurred in by Chief Judge Morris, reversed the trial court and ordered a new trial on all issues. Judge Martin (Harry C.) dissented and plaintiff appealed pursuant to G.S. 7A-30(2).

*Bailey, Brackett & Brackett, P.A., by Cynthia L. Pauley, for plaintiff-appellant.*

*Newitt, Bruny & Koch, by John G. Newitt, Jr., for defendant-appellees.*

BRITT, Justice.

We agree with the decision of the Court of Appeals ordering a new trial on all issues.

The only question presented in the new briefs filed in this court is whether the Court of Appeals erred in failing to dismiss defendants' cross-appeal for the reason that they were not aggrieved by the judgment of the trial court, and were not the real parties in interest. Before discussing that question we feel impelled to address another question which we deem to have significance.

I.

[1] While the question was not raised by any of the parties, we point out an inconsistency in the trial judge's order relating to defendants' motions for judgment N.O.V. and a new trial. The inconsistency is that with respect to the verdict on punitive damages, His Honor purported to grant the motion for judgment N.O.V. pursuant to Rule 50; however, he gave as his reason that the verdict was excessive, part of one of the grounds for granting a new trial under Rule 59. Clearly, there is a difference in the purpose and applicability of the two rules.

In W. Shuford's treatise on North Carolina Civil Practice and Procedure, § 50-9, pg. 413, we find:

> One of the more far reaching and important innovations found in the rules is the judgment N.O.V. authorized by Rule 50. For the first time in North Carolina practice it is now possible for the trial judge to reserve his ruling on a motion for a directed verdict until the jury has actually returned a verdict and then to allow or deny a motion for a judgment notwithstanding that verdict. *A judgment N.O.V. is nothing more nor less than a directed verdict granted after verdict.* As Rule 50(b)(1) provides, a motion for judgment N.O.V. "shall be granted if it appears that the motion for directed verdict could properly have been granted." (Emphasis added.)

*See also* G.S. 1A-1, Rule 50.

G.S. 1A-1, Rule 59, provides in pertinent part:

> (a) *Grounds.* — A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:
>
> * * *

(6) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice; . . . .

The Court of Appeals correctly held that the punitive damages issue should have been submitted to the jury and that the trial court erred in granting defendants' motion for judgment N.O.V. On the question of setting the verdict aside for the reason that it was excessive, Judge Webb appropriately wrote:

It may have been that in light of the evidence, the court felt the punitive damages awarded were excessive. It did not set the verdict aside or reduce it in its discretion, however, and that question is not before us for review.

We agree with the majority of the Court of Appeals that the verdict on the issue of punitive damages should not be reinstated and that there should be a new trial on all issues. The Court of Appeals gave sufficient reasons for granting a new trial on the question of compensatory damages, and on retrial the jury must determine first that plaintiff is entitled to recover on that issue before it can consider plaintiff's entitlement to punitive damages. *Clemmons v. Insurance Co.*, 274 N.C. 416, 163 S.E. 2d 761 (1968); *Worthy v. Knight*, 210 N.C. 498, 187 S.E. 771 (1936).

## II.

[2] With respect to the question presented in the briefs, there appears to be no dispute regarding the legal principles involved. Only the party aggrieved by a judgment may appeal. *Coburn v. Timber Corp.*, 260 N.C. 173, 132 S.E. 2d 340 (1963). A party aggrieved is one whose rights are substantially affected by judicial order. *Insurance Co. v. Ingram, Comr. of Insurance*, 288 N.C. 381, 218 S.E. 2d 364 (1975); *Coburn v. Timber Corp., supra.* An appeal must also be prosecuted by the aggrieved real party in interest. G.S. 1-277; *Insurance Co. v. Ingram, Comr., supra.* A real party in interest is one who is benefited or injured by the judgment in the case. *Parnell v. Insurance Co.*, 263 N.C. 445, 139 S.E. 2d 723 (1965).

The only dispute relates to the application of those principles to the case at hand. Our view can be summarized by saying that if plaintiff had not appealed, defendants could not have appealed because they were not aggrieved by the judgment inasmuch as Aetna paid it. However, when plaintiff appealed and defendants

were faced with the possibility that the appellate court might not agree with the trial court's action regarding the punitive damages issue, defendants potentially became aggrieved parties and they had the right to cross-appeal. What defendants feared *might* happen on appeal with respect to punitive damages *has* happened, and it is proper that they have their "day in court."

Defendants' cross-appeal is permitted by Rule 10(d) of the Rules of Appellate Procedure which provides:

> (d) *Exceptions and Cross Assignments of Error by Appellee.* Without taking an appeal an appellee may set out exceptions to and cross-assign as error any action or omission of the trial court to which an exception was duly taken or as to which an exception was deemed by rule or law to have been taken, and which deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken. Portions of the record necessary to an understanding of such cross-assignments of error may be included in the record on appeal by agreement of the parties under Rule 11(a), or may be included by the appellee in a proposed alternative record on appeal under Rule 11(b).

Rule 10(d) provides protection for appellees who have been deprived in the trial court of an alternative basis in law on which their favorable judgment could be supported, and who face the possibility that on appeal prejudicial error will be found in the ground on which their judgment was actually based.

Except as modified by this opinion, the decision of the Court of Appeals is affirmed.

Modified and affirmed.