VIVIAN V. McCRAW v. DR. JOHN C. HAMRICK, JR., M.D.; CLEVELAND OR-
    THOPAEDIC ASSOCIATES, P.A.; AND CLEVELAND MEMORIAL HOS-
    PITAL, INC.

No. 8727SC469

(Filed 5 January 1988)

**Judgments § 4— order compelling discovery and dismissal for failure to comply —
conditional — void**

> An order in a medical malpractice case dismissing plaintiff's case if plain-
> tiff failed to produce certain x-ray film within 30 days was conditional and not
> self-executing and therefore void. N.C.G.S. § 1A-1, Rule 37(b).

APPEAL by plaintiff from *Owens, Judge.* Order entered 29 Oc-
tober 1986 in Superior Court, CLEVELAND County. Heard in the
Court of Appeals 17 November 1987.

On 13 December 1983, plaintiff filed her initial complaint against defendants Hamrick, Cleveland Orthopaedic Associates (hereinafter, COA), and Cleveland Memorial Hospital for alleged professional malpractice in connection with an operation performed on plaintiff's shoulder by defendant Hamrick in December 1980. Defendants filed timely answers, and the parties commenced discovery. On 13 March 1985, plaintiff took a voluntary dismissal of her action without prejudice.

Plaintiff refiled her suit on 4 March 1986. On 5 May 1986, defendants Hamrick and COA filed a motion for the production of certain x-rays of plaintiff's shoulder taken prior to the December 1980 operation. On 21 August 1986, defendants Hamrick and COA filed a motion to compel discovery of the x-rays as well as notice that the motion would come on for hearing.

After a hearing on defendants' motion to compel discovery, the trial court entered the following order:

Defendant Hamrick's motion to compel production of certain original x-ray film and for dismissal of the case on plaintiff's failure to produce the film was heard before the undersigned Judge in the Superior Court of Cleveland County on Monday, October 27, 1986. Counsel for all parties were present and presented oral argument on the motion.

Based on statements of counsel, it appears that the plaintiff Vivian C. McCraw obtained from the Cleveland Memorial Hospital certain original x-ray film and that the films were then delivered by her to a physician's office in South Carolina and thereafter to a physician's office in Greensboro, North Carolina. The plaintiff left instructions with the Greensboro physician's office to mail the x-ray film back to a Doctor Stratford's office in South Carolina, but it appears that those instructions were not followed; instead, the plaintiff has presented an affidavit indicating that the films were mailed back to Cleveland Memorial Hospital. The hospital denies receiving or having the film in its possession. All counsel agree that the films are important to the trial of this action. Defendant Hamrick and the hospital argue that the preparation of their defense has been compromised by reason of non-access to the x-ray films and that the rights of the defendants have been prejudiced in the preparation and trial of this case.

Upon obtaining possession of the x-ray films, the plaintiff was under a duty to safeguard the films against loss or misplacement.

THEREFORE, it is ordered that the plaintiff shall have thirty (30) days from this date, October 27, 1986, within which to produce the aforesaid original x-ray film and deliver the same to the defendants' counsel and upon plaintiff's failure to do so, this case is hereby declared to be dismissed without further order from this Court.

From this order plaintiff appeals.

*Lamb Law Offices, P.A., by William E. Lamb, Jr., for plaintiff-appellant.*

*Dameron and Burgin, by Charles E. Burgin, for defendant-appellees John C. Hamrick, Jr., M.D., and Cleveland Orthopaedic Associates, P.A.*

*No brief filed for defendant-appellee Cleveland Memorial Hospital.*

PARKER, Judge.

The five "questions presented" in plaintiff's brief raise but a single issue on appeal in this case: whether the trial court erred in its 29 October 1986 order dismissing plaintiff's case if plaintiff failed to produce certain x-ray film within thirty days. We find that the order entered by the trial court was conditional and not self-executing and, therefore, void.

In her brief, plaintiff presents five alternative attacks on the trial court's dismissal of her case as "the product of the practical mechanics of": "a silent motion for summary judgment"; "a *Rule 41(b)* motion for involuntary dismissal"; "a *Rule 12(b)(6)* motion for failure to state a claim"; "a *Rule 12(c)* motion for judgment on the pleadings"; and "simply . . . an unfiled *Rule 37(b) sanction* for failure to comply with a condition of purge impossible to perform in a short-circuited procedure." Under each of these five "theories" plaintiff asserts various errors against the dictates of the N.C. Rules of Civil Procedure committed by the court below.

As the record makes clear, defendants Hamrick and COA filed a motion for an order to compel plaintiff to produce certain x-ray film. In response to this motion, the court could properly issue an order compelling plaintiff to produce the film pursuant to Rule 37(a) of the N.C. Rules of Civil Procedure. The court below also had express authority under Rule 37(b)(2)(c) to sanction plaintiff's failure to comply with the court's order to produce the film by dismissing plaintiff's action. After a motion and order compelling discovery, defendants were not required to file a motion requesting such sanctions as plaintiff implies in her brief. G.S. 1A-1, Rule 37(b). A party wishing to avoid court-imposed sanctions for failure to comply with an order compelling discovery bears the burden of showing justification for his noncompliance. *Silver-*

*thorne v. Land Co.*, 42 N.C. App. 134, 136-137, 256 S.E. 2d 397, 399, *disc. rev. denied*, 298 N.C. 300, 259 S.E. 2d 302 (1979). The choice of sanctions imposed under Rule 37 is a matter within the trial court's discretion and will not be overturned on appeal absent a showing of abuse of that discretion. *Routh v. Weaver*, 67 N.C. App. 426, 429, 313 S.E. 2d 793, 795 (1984); *Silverthorne v. Land Co.*, 42 N.C. App. at 137, 256 S.E. 2d at 399.

Although Rule 37 gives the trial court authority to issue orders to compel discovery and to sanction failure to comply with such orders, the court below conditioned the sanction, dismissal of plaintiff's case, upon plaintiff's failure to comply with the order to produce the x-ray film within thirty days. Because this order contains a condition to the dismissal of plaintiff's action, the order is not self-executing and is void as a conditional order. *See Cassidy v. Cheek*, 308 N.C. 670, 303 S.E. 2d 792 (1983); *Hagedorn v. Hagedorn*, 210 N.C. 164, 185 S.E. 768 (1936); *Flinchum v. Doughton*, 200 N.C. 770, 158 S.E. 486 (1931); *Lloyd v. Lumber Co.*, 167 N.C. 97, 83 S.E. 248 (1914).

For the foregoing reasons, the order of the trial court declaring plaintiff's case to be dismissed upon plaintiff's failure to produce certain x-ray film within thirty days is vacated, and the cause is remanded for further proceedings.

Vacated and remanded.

Judges EAGLES and MARTIN concur.

Judge MARTIN concurred in this opinion prior to 31 December 1987.