JENNINGS v. JESSEN

[93 N.C. App. 731 (1989)]

MANEOLA S. JENNINGS v. HELOISA JESSEN

No. 8821SC721

(Filed 16 May 1989)

**Husband and Wife § 26— alienation of affections—damages**

Evidence presented by plaintiff at a hearing upon default and inquiry, including testimony by plaintiff and a financial consultant and an exhibit concerning her income and expenses at the time her husband left her, was sufficient to support the trial court's award to plaintiff of $200,000 as compensatory damages for alienation of affections. The trial court also properly awarded plaintiff $300,000 in punitive damages where defendant's adulterous affair with plaintiff's husband was established along with aggravated circumstances which accompanied it.

Judge GREENE dissenting.

ON writ of *certiorari* by defendant from judgment entered 15 September 1987 in Superior Court, FORSYTH County, by *Friday, Judge*. Heard in the Court of Appeals 26 January 1989.

*Molitoris & Connolly, by Theodore M. Molitoris, for plaintiff appellee.*

*William L. Durham for defendant appellant.*

PHILLIPS, Judge.

In this alienation of affections case defendant's repeated failure to comply with discovery and the court's orders resulted in her answer being stricken and a default judgment being entered against her for $200,000 in compensatory damages and $300,000 in punitive damages. That defendant consorted with and eventually married plaintiff's former husband is not disputed here; her main contention is that the evidence does not show that there was any love and affection between the spouses for her to alienate or that plaintiff was damaged in the amount of the judgment. But in entering the default and default judgment pursuant to G.S. 1A-1, Rules 37(b)(2), 37(d), and 55, N.C. Rules of Civil Procedure, the substantive allegations asserted in the complaint, undisputed by an answer, were deemed to have been admitted. *Bell v. Martin*, 299 N.C. 715, 264 S.E. 2d 101, *reh'g denied*, 300 N.C. 380, --- S.E. 2d --- (1980).

Plaintiff's uncontested allegations prove all the essential elements of an action for alienation of affections—that she and her husband were happily married, that defendant maliciously alienated her husband's affection, etc. *Bishop v. Glazener*, 245 N.C. 592, 96 S.E. 2d 870 (1957).

The only issue to decide is whether the evidence supports the amount of damages awarded. The proper measure of damages is the present value in money of the support, consortium, and other legally protected marital interests plaintiff lost through the defendant's wrong. In addition thereto, she may also recover "for the wrong and injury done to her health, feelings, or reputation." *Sebastian v. Kluttz*, 6 N.C. App. 201, 219, 170 S.E. 2d 104, 115 (1969). (Citations omitted.) The evidence presented by plaintiff at the hearing on discovery sanctions—including the testimony of plaintiff and her witness, accepted by the court as an expert in the field of financial consulting, and plaintiff's documentary exhibit concerning her income and expenses at or about the time her husband left her—was sufficient to support the court's finding that she suffered loss of support, consortium, and injury to her health, feelings and reputation in the amount of $200,000. Since the findings are supported by competent evidence they are binding. *Hall v. Hall*, 88 N.C. App. 297, 363 S.E. 2d 189 (1987). Defendant's reliance upon *Heist v. Heist*, 46 N.C. App. 521, 265 S.E. 2d 434 (1980), as authority for not allowing punitive damages is misplaced to say the least. For in *Heist* there was no evidence of sexual intercourse with plaintiff's husband; whereas, defendant's adulterous affair with plaintiff's husband has been established, along with the aggravated circumstances that accompanied it.

Defendant also argues that the court erred in considering several bits of inadmissible and irrelevant evidence. Assuming *arguendo* that the evidentiary smatterings objected to were irrelevant and inadmissible, they were also immaterial to the case and defendant could not have been prejudiced by them. For the evidence upon which the verdict is based was to the effect that defendant's adulterous relationship with plaintiff's husband was deliberately carried on for months in a condominium that plaintiff and her husband owned, and that on occasion she even had the effrontery to telephone plaintiff for his whereabouts.

Affirmed.

Judge COZORT concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I agree with the majority that the question of damages is the dispositive issue. Specifically, the question is whether the evidence supports the findings and whether the findings support the conclusions of law. *Coble v. Coble*, 300 N.C. 708, 714, 268 S.E. 2d 185, 190 (1980) ("evidence must support findings; findings must support conclusions; conclusions must support the judgment").

The trial court sitting without a jury, concluded in pertinent part:

2. The plaintiff is entitled to an award as compensatory damages the sum Two Hundred Thousand Dollars ($200,000.00);

In support of its conclusion on the issue of the amount of compensatory damages, the trial court found as facts:

5. During the marriage plaintiff and her husband regularly entertained high level executives at R. J. Reynolds Tobacco Company and now plaintiff no longer has contact with these individuals, nor is she invited to their social events. Plaintiff and her husband had travelled internationally for vacations and regularly went to the South Carolina coast where they had a home together.

. . . .

7. Plaintiff has suffered damages as a result of defendant's wilful conduct as alleged in the Complaint. Specifically, plaintiff has suffered loss of support, consortium, injury to her health, feelings and reputation. Plaintiff has suffered damages and is entitled to have and recover of the defendant as compensatory damages the sum Two Hundred Thousand Dollars ($200,000.00) and as punitive damages the sum of Three Hundred Thousand Dollars ($300,000.00).

Rule 52(a)(1) requires a trial court "[i]n all actions tried upon the facts without a jury" to "find the facts *specially* and state *separately* its conclusions of law thereon." N.C.G.S. Sec. 1A-1, Rule 52(a)(1) (1983) (emphasis added). Generally, the findings of fact "must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached

its ultimate conclusion on each factual issue." 9 C. Wright & A. Miller, *Federal Practice and Procedure* Sec. 2579, p. 710 (1971). The findings "should be clear, specific, and complete, without unrealistic and uninformative generality on the one hand, and on the other without an unnecessary and unhelpful recital of nonessential details of evidence." *Id.* at 711. Here, the conclusion of the trial court, which was merely a repeated finding of fact, that the plaintiff "is entitled to an award as compensatory damages the sum Two Hundred Thousand Dollars ($200,000.00)," is unsupported by any specific findings of fact as to how the trial court arrived at that amount and therefore does not meet the mandate of Rule 52(a)(1).

The order of the trial judge does not disclose "the steps by which the trial court reached its ultimate conclusion" on the lump sum amount of $200,000.00 in compensatory damages. It therefore cannot be determined whether the order represents a "correct application of the law." *Coble*, 300 N.C. at 712, 268 S.E. 2d at 189 ("The purpose of the requirement that the court make findings of those specific facts which support its ultimate disposition of the case is to allow a reviewing court to determine from the record whether the judgment—and the legal conclusions which underlie it—represent a correct application of the law."). For example, it cannot be ascertained: (1) what amount of the compensatory award, if any, was for future losses and whether those losses were reduced to their present value, *see Pierce v. New York Cent. R.R. Co.*, 409 F. 2d 1392, 1399 (6th Cir. 1969) (appellate court remanded for new findings where it could not determine if trial court reduced future damages to their present worth); *Sebastian v. Kluttz*, 6 N.C. App. 201, 216, 170 S.E. 2d 104, 113 (1969) (error for trial judge to fail to instruct jury that they should "limit the award, if any, for future losses to the present case value or present worth of such losses"); (2) whether the trial court gave any credit for the $325,000.00 property settlement the plaintiff received from her husband prior to the trial, *see* D. Dobbs, *Remedies* Sec. 7.3, p. 532 (1973) (where plaintiff has already secured property settlement agreement with disaffected spouse, a credit on the award seems proper); *see also Rapisardi v. United Fruit Co.*, 441 F. 2d 1308, 1312 (2d Cir. 1971) (appellate court remanded for new findings where it could not determine from trial court findings whether the trial court considered evidence in mitigation of damages).

As it cannot be determined from the order of the court what evidence the trial judge considered in setting the compensatory

award, I would vacate the entire order of the trial court and remand to the trial court for the making of new findings, new conclusions and the entry of a new order. *See Quick v. Quick*, 305 N.C. 446, 454, 290 S.E. 2d 653, 659 (1982) (in alimony case, there was "no way to determine what evidence the trial judge believed and what evidence he found incredible" and the Supreme Court remanded for new findings).