MANEOLA JENNINGS v. HELOISA JESSEN

No. 9021SC827

(Filed 20 August 1991)

1. **Rules of Civil Procedure § 37 (NCI3d) — case remanded for new findings, conclusions, and order — trial court not required to hear new evidence**

    In an action for alienation of affections where the trial court entered default judgment for plaintiff because of defendant's repeated failure to comply with discovery requests, then entered judgment for plaintiff on her claim for damages, and the Supreme Court remanded to the trial court for "new findings, new conclusions, and the entry of a new order," the trial judge was not required to hear new evidence and make new findings of fact and conclusions of law, since, pursuant to N.C.G.S. § 1A-1, Rule 37(b)(2)(b), defendant was not entitled to offer evidence on any claim or defense; rather, it was within the trial judge's discretion to sanction defendant for violations of discovery orders.

    **Am Jur 2d, Appeal and Error § 974.**

2. **Husband and Wife § 26 (NCI3d) — alienation of affections — loss of support — value to plaintiff — no evidence of lost income to plaintiff**

    In an action for alienation of affections, plaintiff has the burden of proving not only that a loss of support proximately resulted from the tortious acts of defendant but also the value of such loss of support; therefore, there was insufficient evidence to show that plaintiff suffered compensatory damages of $200,000 where there was no evidence of income lost by plaintiff as a result of defendant's actions.

    **Am Jur 2d, Husband and Wife §§ 482, 491.**

JENNINGS v. JESSEN

[103 N.C. App. 739 (1991)]

3. **Husband and Wife § 26 (NCI3d)— alienation of affections— sufficiency of evidence to support punitive damages**

Plaintiff in an action for alienation of affections presented sufficient evidence to entitle her to an award of $300,000 in punitive damages where the evidence tended to show that defendant and plaintiff's husband engaged in sexual intercourse and that the affair was replete with aggravating circumstances, specifically, that defendant had cohabited for several weeks with plaintiff's husband and was audacious enough to call plaintiff's home in an attempt to discover her husband's whereabouts.

**Am Jur 2d, Husband and Wife § 485.**

**Punitive or exemplary damages in action by spouse for alienation of affections or criminal conversation. 31 ALR2d 713.**

4. **Husband and Wife § 26 (NCI3d)— evidence of compensatory damages insufficient—punitive damage award able to stand alone**

Even though the trial court's order of compensatory damages was not supported by the evidence, its order regarding punitive damages could nevertheless stand alone, since plaintiff obtained a judgment by default, established her cause of action, and was at the very least entitled to nominal damages.

**Am Jur 2d, Husband and Wife § 485.**

**Punitive or exemplary damages in action by spouse for alienation of affections or criminal conversation. 31 ALR2d 713.**

5. **Husband and Wife § 25 (NCI3d)— damages in alienation of affections action—expert witness**

A witness's experience, knowledge, and training were sufficient for the judge in an alienation of affections action to conclude that the witness would be helpful in making a determination as to plaintiff's damages.

**Am Jur 2d, Expert and Opinion Evidence §§ 33, 55-58; Husband and Wife § 487.**

Judge GREENE dissenting.

APPEAL by defendant from Judgment entered 29 March 1990 in FORSYTH County Superior Court by *Judge John R. Friday*. Heard in the Court of Appeals 13 February 1991.

JENNINGS v. JESSEN

[103 N.C. App. 739 (1991)]

*Theodore M. Molitoris for plaintiff-appellee.*

*William L. Durham for defendant-appellant.*

WYNN, Judge.

Plaintiff commenced this alienation of affections action against defendant on 6 March 1987 requesting compensatory and punitive damages. On 16 April 1987, plaintiff served defendant with a notice of deposition to be held on 22 May 1987. On 18 May 1987, defendant motioned for a protective order seeking relief from the noticed deposition. On the scheduled deposition date, defendant failed to appear, and her motion for a protective order was denied this same date. Plaintiff next filed a motion to compel discovery which order was granted on 14 July 1987 and defendant was ordered to appear on 10 August 1987 to be deposed. Again, defendant failed to appear.

On 12 August 1987, plaintiff, pursuant to N.C. Rules of Civ. Procedure 26 and 37(b)(2) motioned to strike the defendant's answer and for a default judgment. During the scheduled hearing date of 31 August 1987, the trial judge deferred his ruling to give defendant until 4 September 1987 to present herself for deposition. Following defendant's third failure to appear, the trial court entered an order pursuant to Rules 37(b)(2), and 37(d) striking defendant's answer and granting plaintiff a default judgment and an evidentiary hearing concerning damages pursuant to Rule 55 of the North Carolina Rules of Civil Procedure.

Evidence was presented on the question of damages on 4 September 1987 and 15 September 1987. Defendant did not appear for either of these hearing dates. On 15 September 1987, the trial judge entered judgment in plaintiff's favor finding that defendant had damaged plaintiff in the amount of $200,000 compensatory damages and $300,000 in punitive damages. Defendant appealed, and her case was heard in this court on 26 January 1989. *See Jennings v. Jessen*, 93 N.C. App. 731, 379 S.E.2d 53 (1989).

A divided panel of this court upheld the decision of the trial court with Greene, J., dissenting. On appeal as of right our Supreme Court, in a per curiam decision, see *Jennings v. Jessen*, 326 N.C. 43, 387 S.E.2d 167 (1990), reversed the decision of this court and ordered the case remanded to the trial court for "new findings, new conclusions, and the entry of a new order."

On remand, the trial judge held a hearing on 10 February 1990 during which he heard additional arguments of counsel. On 26 March 1990, the trial judge entered additional findings of fact and conclusions of law, and reinstated his previous damages award to plaintiff. Defendant also made an oral motion to reopen the evidence which motion was denied. From these orders defendant appeals.

I

[1] First, defendant alleges that the trial court erred by denying her motion to reopen the evidence.

In the instant case, it was within the trial judge's discretion to enter a judgment by default for defendant's repeated failure to comply with discovery requests. G.S. 1A-1, Rule 37(b)(2)(c). *Accord McCraw v. Hamrick*, 88 N.C. App. 391, 363 S.E.2d 201 (1988). Additionally, the trial judge complied with Rule 55(b)(2) of the N.C. Rules of Civil Procedure and held an evidentiary hearing to determine the amount of plaintiff's damages. Defendant was given ample notice of this hearing and in fact had two chances to present evidence since the hearing was begun on 4 September 1987 and continued until 14 September 1987. Defendant chose not to attend, nor present any evidence at either of these scheduled hearings. Now defendant alleges that once the case was reversed by our Supreme Court that the trial judge was required to hear new evidence and make new findings of facts and conclusions of law. We do not agree.

On remand, a trial judge may find that pursuant to Rule 37(b)(2)(b), defendant is not entitled to offer evidence on any claim or defense. It is within the trial judge's discretion to sanction a party for violations of discovery orders. Moreover, defendant failed to comply with discovery three times, and obviously did not find it necessary to present any evidence at either evidentiary hearing. To hold that defendant is now entitled to present evidence because plaintiff has not established the amount of her damages would render meaningless the ability of a trial judge to enter default based on abuses of discovery orders. We, therefore, find no error.

II

Defendant next assigns error to the trial judge finding facts, making conclusions of law based upon those facts and entering judgment thereon. She contends that there was insufficient evidence

JENNINGS v. JESSEN

[103 N.C. App. 739 (1991)]

that plaintiff suffered compensatory damages of Two hundred thousand dollars ($200,000.00) and that she was entitled to punitive damages in the amount of ($300,000.00).

[2] The measure of damages in an action for the alienation of affections is the present value of support, consortium, health, feelings, reputation and proximate result of the defendant's wrongful conduct. *Sebastian v. Kluttz*, 6 N.C. App. 201, 219, 170 S.E.2d 104, 115 (1969). The plaintiff has the burden of proving not only that a loss of support proximately resulted from the tortious acts of defendant, but also the value of such loss of support. *Id.* at 213, 170 S.E.2d at 111. At the hearing on damages, plaintiff presented the same affidavit she presented to the court in her action for support against her husband detailing her expenses and income as of the time of the alienation of her husband's affections 1986-87. The affidavit does not provide evidence of income lost by plaintiff as a result of defendant's actions. As such, the evidence of loss is insufficient to support the findings of fact and the entry of the order in this case.

[3] Defendant next argues that plaintiff failed to prove that there were circumstances in aggravation of defendant's conduct to support an award of punitive damages. "Where the court sits as judge and juror, its findings of fact have the effect of a jury verdict and are conclusive on appeal if there is evidence to support them. Contradictions and discrepancies are to be resolved by the trier of facts." *Camp v. Camp*, 75 N.C. App. 498, 503, 331 S.E.2d 163, 166 (1985). Our review of this issue is limited to whether the findings of fact are supported by any evidence to support the conclusion that plaintiff recover of the defendant punitive damages in the amount of $300,000.

In this case the trial judge made the following pertinent findings of fact:

5. The Court finds in its orders that the defendant is a woman of some wealth and means in that she had traveled extensively before this action was commenced and has traveled extensively since that time.

. . . .

9. . . . The defendant alienated the affections of Charles H. Jennings in that she traveled with him, provided a location in Brazil for him to regularly visit her and further came to

the United States and co-habited with him at a townhouse owned by Charles H. Jennings and Maneola S. Jennings.

10. The evidence further shows that during the plaintiff's marriage to Charles H. Jennings, the defendant spent two weeks on one occasion and three weeks on another occasion with the plaintiff's husband in a condominium owned by the plaintiff and her husband. During this time, the defendant called and telephoned the plaintiff from Brazil looking for the plaintiff's husband, Charles H. Jennings.

. . . .

12. The defendant's conduct has been wilful and malicious in that she purposely alienated the affections of Charles H. Jennings by her conduct with him and by engaging in sexual intercourse with him.

Our Supreme Court has held that punitive damages may be awarded in an action for alienation of affections where the conduct of the defendant was wilful, aggravated, malicious, or of a wanton character. *Powell v. Strickland*, 163 N.C. 393, 79 S.E. 872 (1913).

Defendant relies upon *Heist v. Heist*, 46 N.C. App. 521, 265 S.E.2d 434 (1980), to support her argument that the plaintiff was not entitled to punitive damages. In *Heist, supra*, there was no evidence that the defendant had engaged in sexual intercourse with the plaintiff's husband. In the case at bar, the court specifically found as fact that the defendant and plaintiff's husband had engaged in sexual intercourse and that the affair was replete with aggravating circumstances, specifically, that defendant had cohabited for several weeks with plaintiff's husband and was audacious enough to call plaintiff's home in an attempt to discover her husband's whereabouts. We find that the evidence supports the findings of fact and the conclusion that plaintiff was entitled to punitive damages of $300,000.00.

[4] Having concluded that the order of punitive damages was supported by the evidence, and that the order of compensatory damages was not supported by the evidence, we are left with the question of whether that part of the trial judge's order regarding punitive damages can stand alone. In *Hawkins v. Hawkins*, 101 N.C. App. 529, 400 S.E.2d 472 (1991), this court reiterated the general rule that once a cause of action is established, plaintiff is entitled to recover, as a matter of law, nominal damages, which

in turn support an award of punitive damages. *Id.* at 532, 400 S.E.2d at 474 (citations omitted). This court further reasoned, "the failure of the plaintiff to actually receive an award of either nominal or compensatory damages is immaterial. The question thus becomes one of whether plaintiff in this case has established her cause of action for assault and battery." *Id.*

In the case *sub judice*, plaintiff obtained a judgment by default. She established her cause of action and is at the very least entitled to nominal damages. *Id.* Having so concluded, *Hawkins* compels the conclusion that the order awarding plaintiff punitive damages must be affirmed.

## III

[5] Finally, defendant assigns error to the trial judge allowing Grady Adams to testify as an expert witness. Defendant contends that Adams did not have the requisite training, experience and knowledge to qualify as an expert witness. We do not agree.

A trial judge is afforded wide latitude in determining whether to allow expert testimony. *State v. Bullard*, 312 N.C. 129, 322 S.E.2d 370 (1984). His decision to allow expert testimony will be reversed only for an abuse of discretion. *State v. Parks*, 96 N.C. App. 589, 386 S.E.2d 748 (1989). With respect to qualifying a witness as an expert, this court has held, "It is not necessary that an expert be experienced with the identical subject area in a particular case or that the expert be a specialist, licensed, or even engaged in a specific profession." *Robinson v. Seaboard System R.R., Inc.*, 87 N.C. App. 512, 517-18, 361 S.E.2d 909, 913 (1987), *cert denied*, 321 N.C. 474, 364 S.E.2d 924 (citing *Bullard, supra*). The test for the admissibility of an opinion of an expert witness under Rule 702 is helpfulness to the trier of fact. *Matter of Wheeler*, 87 N.C. App. 189, 360 S.E.2d 458 (1987) (citations omitted).

In this case, Adams testified that he has thirty-five years in the finance field, that he had taken special courses, attended college in South Dakota and had been engaged in financial consulting for five years. Defendant argues that Adams' experience is primarily in evaluating investments in real estate and thus, he cannot qualify as an expert in determining the financial loss to a wife as a result of her separation from her husband. We do not agree. Adams demonstrated that his expertise is in placing figures provided by plaintiff into an equation to determine the present value of her

loss. We conclude that Adams' experience, knowledge and training were sufficient for the judge to conclude that he would be helpful in making a determination as to plaintiff's damages. Accordingly, we affirm the decision of the trial judge to qualify Adams as an expert.

For the foregoing reasons, the decision of the trial judge as to punitive damages is affirmed and the decision as to compensatory damages is vacated and remanded to the trial court for further proceedings consistent with this opinion.

Affirmed in part; vacated in part.

Judge WELLS concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I agree with the majority opinion except for the part affirming the amount awarded as punitive damages after vacating the award of compensatory damages.

The amount awarded as punitive damages is a matter left to the sound discretion of the finder of fact. *Tripp v. American Tobacco Co.*, 193 N.C. 614, 618, 137 S.E. 871, 873 (1927). This discretion, however, is not without limits. This Court, and our Supreme Court, have noted certain factors which are to be considered in assessing the appropriate award of punitive damages. For example, the amount awarded "may not be excessively disproportionate to the circumstances of contumely and indignity present in each particular case." *Id.* The outrageous nature of the defendant's conduct is also a key consideration. *Cavin's Inc. v. Atlantic Mutual Ins. Co.*, 27 N.C. App. 698, 702, 220 S.E.2d 403, 406 (1975). Furthermore, although punitive damages are not *measured* by the extent of injury to the plaintiff, *Cavin's* at 702, 220 S.E.2d at 406, and although an award of punitive damages far in excess of actual damages may be sustained, actual damages to the plaintiff is a proper factor to be *considered* by the finders of fact in determining the amount of punitive damages. *See* 25 C.J.S. *Damages* § 126(1) p. 1164 (1966) ("[c]onsideration should be given to the actual damages. . . ."). Furthermore, this Court has observed the substantial likelihood that the amount of compensatory damages is taken into considera-

tion by the finder of fact when determining punitive damages. *See Shaver v. Monroe Construction Co.*, 63 N.C. App. 605, 617, 306 S.E.2d 519, 527 (1983), *disc. rev. denied*, 310 N.C. 154, 311 S.E.2d 294 (1984) (where plaintiff established entitlement to punitive damages, but court erred in instruction on compensatory damages, new trial was required on issue of punitive damages because "there is a substantial likelihood that the two issues [compensatory and punitive damages] were so intertwined in the minds of the jurors that it would result in an injustice to remand this case for a new trial on one issue only") (quoting *Carawan v. Tate*, 53 N.C. App. 161, 167, 280 S.E.2d 528, 532 (1981), *modified and aff'd*, 304 N.C. 696, 286 S.E.2d 99 (1982) ).

The United States Supreme Court recently acknowledged the relevance of the compensatory damages award to the punitive damages award. *Pacific Mutual Life Ins. Co. v. Haslip*, --- U.S. ---, 113 L.Ed.2d 1 (1991). In holding that the punitive damages award at issue was constitutional, the Court observed the fact that all punitive damages awards in Alabama are subject to post-verdict review by the Alabama Supreme Court, thus ensuring "that punitive damages awards are not grossly out of proportion to the severity of the offense and have some understandable relationship to compensatory damages." *Id.* at ---, 113 L.Ed.2d at 22.

This interrelationship between compensatory and punitive damages therefore requires that if the compensatory damages award is vacated and remanded, the punitive damages award must also be vacated and remanded. Accordingly, in this case the award of punitive damages must be vacated, and the amount of punitive damages must be readdressed after the new compensatory damages award is set.