JOHNSON v. LEIGH, Sheriff, et al.

No. 4776. Decided June 28, 1929. (279 P. 501.)

*Frazer & Wallis,* of Salt Lake City, for appellant.

*Shay & Lunt,* of Cedar City, and *Sam Cline,* of Milford, for respondents.

FOLLAND, J.

This is an action to recover damages for false imprisonment. The defendant J. T. Leigh is sheriff of Iron county. Edward Bentley was his deputy at Parowan. The other defendants are sureties on the sheriff's bond. The case was tried to a jury and resulted in a verdict for the defendants.

The facts, briefly stated, are as follows: Plaintiff was employed by a Salt Lake City concern as foreman in the construction of a pipe line near Parowan. Plaintiff arrived at Parowan to take up his duties on August 17, 1924, and on the evening of the 18th, while sitting in his automobile in front of a hotel at which he was living, he was arrested by Bentley, the deputy sheriff, and lodged in the county jail. There is no substantial dispute in the facts so far as they affect the liability of the defendants. It is conceded

that Johnson had committed no offense in the presence of the deputy sheriff, nor had that officer any information or reasonable cause to believe that a felony had been committed by him. There was no warrant outstanding for Johnson. The arrest was made as a result of a telephone call from Salt Lake City by J. D. Hayes, who represented himself to be a detective. Mr. Bentley testified that he understood Hayes was a detective in the Salt Lake City police department, that he was told by Hayes to locate and hold Johnson, who was "wanted for many things and was a bootlegger." Hayes testified at the hearing and denied that he represented himself as connected with the police department of Salt Lake City, and stated that he merely asked Bentley to locate Mr. Johnson, that he did not ask for his arrest. Upon this telephone request, defendant Bentley took Johnson into custody, placed him in the county jail, and there held him a prisoner for 22 hours. It was then learned that a mistake had been made, and plaintiff was released.

It is urged by plaintiff that the court erred in giving instructions and also in the refusal to give certain of plaintiff's requests for instructions. Plaintiff's request No. 3 was:

"You are instructed as a matter of law that the arrest and imprisonment of plaintiff by the defendant Edward Bently on the 18th day of August, 1924, was false and unlawful."

This instruction stated the law applicable to the undisputed facts in the case. It appearing clearly that the arrest was without warrant and that no offense was committed by the plaintiff in the presence of the officer, that the officer had no information or reasonable cause to believe that a felony had been committed by him, it became the duty of the court to decide, and to so instruct the jury, that the arrest was false and unlawful. This not having been done, the case must be reversed, and a new trial granted. *Smith* v. *Clark*, 37 Utah 116, 106 P. 653, 26

L. R. A. (N. S.) 953, Ann. Cas. 1912B, 1366; *George* v. *Norfolk & W. Ry. Co.,* 80 W. Va. 317, 92 S. E. 430.

Complaint is made by appellant that instruction No. 5 as given to the jury is erroneous. This instruction is as follows:

"You are instructed that before the plaintiff can recover in this action he must prove the allegations of his complaint, the truth of which must be established by a preponderance of the evidence, are as follows:

"First. That at the time and place stated in the complaint the plaintiff was damaged by reason of the existence of the facts upon which he predicates his right to recover.

"Second. That he was damaged as a result of said alleged false imprisonment.

"Third. The amount of damages he had sustained, if any, not exceeding, however, the amount prayed for in his complaint."

Particular objection was made to the words, "The truth of which must be established," because it is urged that this is equal to requiring proof beyond a reasonable doubt. While we are not prepared to say that this is the meaning of those words, the instruction is better ■ without them. It is sufficient to say that the burden is upon the plaintiff to prove the allegations of his complaint by a preponderance of the evidence.

The jury should have been instructed that plaintiff was entitled to nominal damages in any event because the arrest was unlawful, and that he was entitled to such ■ actual damages as he may show he has sustained. *Lewis* v. *Clegg,* 120 N. C. 292, 26 S. E. 772; 25 C. J. 556, "False Imprisonment"; *Cleveland* v. *Emerson,* 51 Ind. 339, 99 N. E. 796; *Paget* v. *Cordes* (Or.) 277 P. 101.

Objection is made to the wording of the ninth instruction, wherein the court instructed the jury:

"If you conclude from the evidence that the weight of the evidence on the issues required to be maintained by the plaintiff is in favor of the defendant, *or either of them,* or that it is equally balanced, then on these issues of damages, the verdict should be for the defendants."

■

This language was misleading, in that the jury were told that the plaintiff must prove his case against each of the four defendants in order to recover against any of them. Such is not the law, since the jury may properly return a verdict for or against all or any one or more of the defendants. 27 R. C. L. 854.

Judgment is reversed, and the cause remanded to the district court of Iron county for a new trial in accordance with the views expressed in this opinion.

CHERRY, P. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.