THOMAS J. LYNCH, Administrator of the Estate of JAMES THOMAS LYNCH; THOMAS J. LYNCH, Administrator of the Estate of JOHN WESLEY LYNCH, Plaintiffs v. NORTH CAROLINA DEPARTMENT OF JUSTICE; NORTH CAROLINA STATE BUREAU OF INVESTIGATION; FORSYTH COUNTY; FORSYTH COUNTY SHERIFF'S DEPARTMENT; CITY OF GREENSBORO; CITY OF GREENSBORO POLICE DEPARTMENT; ROBERT MORGAN, Individually and in his official capacity as Director of the North Carolina State Bureau of Investigation; ED HUNT, Individually and in his official capacity as an Agent of the State Bureau of Investigation; J. W. BRYANT, Individually and in his official capacity as an Agent of the State Bureau of Investigation; TOM STURGILL, Individually and in his official capacity as an Agent of the State Bureau of Investigation; WALT HOUSE, Individually and in his official capacity as an Agent of the State Bureau of Investigation; A. G. TRAVIS, Individually and as an Officer of the City of Greensboro Police Department; ALLEN GENTRY, Individually and as an Officer of the Forsyth County Sheriff's Department; MARC FETTER, Individually and in his official capacity as an Officer of the Forsyth County Sheriff's Department; JOHN BONER, Individually and in his official capacity as an Officer of the Forsyth County Sheriff's Department; TERRY SPAINHOUR, Individually and in his official capacity as an Officer of the Forsyth County Sheriff's Department; STEPHEN CARDEN, Individually and in his official capacity as an Officer of the Forsyth County Sheriff's Department; RON BARKER, Individually and in his official capacity as an Officer of the Forsyth County Sheriff's Department; AND OTHER UNKNOWN PERSONS IN THEIR INDIVIDUAL CAPACITIES AND IN THEIR OFFICIAL CAPACITIES AS AGENTS AND OFFICERS OF THE NORTH CAROLINA DEPARTMENT OF JUSTICE, STATE BUREAU OF INVESTIGATION, FORSYTH COUNTY SHERIFF'S DEPARTMENT, AND THE CITY OF GREENSBORO POLICE DEPARTMENT, Defendants

No. 8818SC120

(Filed 21 February 1989)

**Death § 3.1— officers' attempt to arrest children's custodian— children killed by custodian— no causes of action against officers**

In an action arising out of plaintiff's children's deaths at the hands of their custodians because defendants tried to arrest one custodian for murder, plaintiff's cause of action for wrongful death could not be maintained because the children could not have recovered for their injuries if they had lived; his cause of action based on 42 U.S.C. § 1983 could not be maintained because the complaint did not allege that any right the children had under the Constitution or laws of the U. S. was violated, the children not having a constitutional right to be protected by the State against being murdered by criminals or madmen; and his cause of action based on §§ 18 and 19 of Art. I of the N. C. Constitution could not be maintained because § 18

only guarantees a remedy for legally cognizable claims, and plaintiff's claim was not legally cognizable, while no right of the children was violated under the "law of the land" provision of § 19.

APPEAL by plaintiff from *Collier, Judge*. Judgment entered 9 September 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 8 June 1988.

Plaintiff's suit for the wrongfully caused deaths of his nine and ten year old sons was dismissed on the pleadings. Each defendant is either a law enforcement agency or officer and the gist of the case against them is that their negligence and recklessness in undertaking to arrest the late Frederick R. Klenner, Jr. when the children were with him provoked Klenner or his companion and the children's mother, Susie Newsom Lynch, into killing them. Though the complaint states six causes of action—one for compensatory damages and one for punitive damages under the North Carolina Wrongful Death Act, 42 U.S.C. Sec. 1983, and Sections 18 and 19 of Article I of the Constitution of North Carolina—all are based upon the following facts:

On 3 June 1985 the defendants knew or should have known that (a) the children, who had been living with their mother and her cousin-boyfriend, Frederick R. Klenner, Jr., in the Friendly Hills Apartments in Greensboro, were the subject of a bitter, long-standing custody dispute between their divorced parents; (b) Klenner, either alone or in collusion with Susie Newsom Lynch and others, had murdered five people—plaintiff's mother and sister in Kentucky the year before, and Susie Newsom Lynch's parents and grandmother in Forsyth County a month earlier—because they had testified or planned to testify against Susie Newsom Lynch in the custody case; (c) Klenner and Susie Newsom Lynch possessed many guns and explosives and would use them to prevent his arrest or the children being taken from them. Nevertheless, on the afternoon of that day defendants planned and tried to arrest Klenner at the Friendly Hills Apartments for the three Forsyth County murders. Before trying to arrest Klenner, various defendants and their agents, stationed near the Friendly Hills Apartments' parking lot, saw Klenner and Ms. Lynch load Klenner's Chevrolet Blazer with automatic weapons and other items, get in the Blazer with the two children, and start to drive out of the lot. Defendants then attempted to block Klenner's way, but

he drove around the road block onto Friendly Avenue and various of the defendants gave chase in their vehicles. During the chase, which covered many miles, Klenner shot at those chasing him several times with a submachine gun and the officers fired back; Klenner or Lynch gave the children lethal doses of cyanide and shot them in the head with a pistol; Klenner detonated a bomb that blew up the Blazer and killed himself and Susie Newsom Lynch.

*Donaldson, Horsley & Greene, by Arthur J. Donaldson and Richard M. Greene, for plaintiff appellant.*

*Attorney General Thornburg, by Special Deputy Attorney General David Roy Blackwell, for defendant appellees North Carolina Department of Justice; North Carolina State Bureau of Investigation; Robert Morgan, Individually and in his official capacity as Director of the North Carolina State Bureau of Investigation; and Ed Hunt, J. W. Bryant, Tom Sturgill and Walt House, Individually and in their official capacities as agents of the North Carolina State Bureau of Investigation.*

*Womble Carlyle Sandridge & Rice, by Richard T. Rice and J. Daniel McNatt, for defendant appellees Forsyth County; Forsyth County Sheriff's Department; and Allen Gentry, Marc Fetter, John Boner, Terry Spainhour, Stephen Carden and Ron Barker, Individually and in their official capacities as officers of the Forsyth County Sheriff's Department.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Charles E. Nichols and Fred T. Hamlet, for defendant appellees City of Greensboro; City of Greensboro Police Department; and A. G. Travis, Individually and in his official capacity as an officer of the City of Greensboro Police Department.*

PHILLIPS, Judge.

One ground for dismissing a civil action on the pleadings is that it is of a sort that the law does not support. *Hodges v. Wellons,* 9 N.C. App. 152, 175 S.E. 2d 690 (1970). Plaintiff's action is clearly of that sort; for its validity under all the causes of action alleged depends upon the defendant law enforcement agencies and officers being legally liable for plaintiff's children being murdered by their custodians because defendants tried to arrest one custodian for murder, and the law does not support their liability under the facts alleged. Three of the purported six causes of action stated in the complaint are not causes of action at all, but mere claims

for punitive damages; and punitive damages are a matter not of right, but grace, as the jury sees fit, *Ford v. McAnally*, 182 N.C. 419, 109 S.E. 91 (1921), and cannot be awarded in the absence of compensatory damages. *Worthy v. Knight*, 210 N.C. 498, 187 S.E. 771 (1936). Under the circumstances we will discuss only the unenforceability of the three causes of action for compensatory damages, the failure of which necessarily leaves the adjunct claims for punitive damages unsupported, and will not determine whether the action is dismissible on any of the other grounds raised by the pleadings.

The cause of action for the children's wrongful death cannot be maintained because the children could not have recovered for their injuries if they had lived, and the first requisite of a wrongful death action in this State is that the decedent could have recovered for his injuries if he had lived. G.S. 28A-18-2(a). The children could not have recovered of the defendants if they had lived because under the circumstances alleged the defendant law enforcement agencies and officers did not owe them any legal duty of care, the breach of which caused their injury and death; and in tort law there can be no liability for resulting injury or damage in the absence of a legal duty and its breach. W. Prosser, Law of Torts Sec. 30, p. 146 (3rd ed. 1964); *Mattingly v. North Carolina Railroad Co.*, 253 N.C. 746, 117 S.E. 2d 844 (1961). Our law is that in the absence of a special relationship, such as exists when a victim is in custody or the police have promised to protect a particular person, law enforcement agencies and personnel have no duty to protect individuals from the criminal acts of others; instead their duty is to preserve the peace and arrest lawbreakers for the protection of the general public. *Coleman v. Cooper*, 89 N.C. App. 188, 366 S.E. 2d 2, *disc. rev. denied*, 322 N.C. 834, 371 S.E. 2d 275 (1988); 70 Am. Jur. 2d *Sheriffs, Police, and Constables* Sec. 94 (1987). In this instance a special relationship of the type stated did not exist, and the only basis for any kind of special relationship was that the children were in the car when defendants tried to arrest and capture Klenner, and the attempt was not delayed. Plaintiff's argument that the children's presence required defendants to delay Klenner's arrest until the children were elsewhere is incompatible with the duty that the law has long placed on law enforcement personnel to make the safety of the public their first concern; for permitting dangerous criminals to go unapprehended lest particular individuals be injured or killed would inevitably

**LYNCH v. N.C. DEPT. OF JUSTICE**

[93 N.C. App. 57 (1989)]

and necessarily endanger the public at large, a policy that the law cannot tolerate, much less foster.

The cause of action based on 42 U.S.C. Sec. 1983 is not maintainable because the complaint does not allege that any right the children had under the Constitution or laws of the United States was violated. For pertinent to this case, 42 U.S.C. Sec. 1983 subjects to liability in damages only those who, under color of state law, deprive a citizen of the United States of "rights, privileges, or immunities secured by the Constitution and laws"; it does not create any new substantive right, *Baker v. McCollan*, 443 U.S. 137, 61 L.Ed. 2d 433, 99 S.Ct. 2689 (1979); and in the absence of a special relationship between the law enforcement personnel and the victim, such as that heretofore discussed, *Jensen v. Conrad*, 747 F. 2d 185 (4th Cir. 1984), *cert. denied*, 470 U.S. 1052, 84 L.Ed. 2d 818, 105 S.Ct. 1754 (1985), no one has a "constitutional right to be protected by the state against being murdered by criminals or madmen." *Bowers v. DeVito*, 686 F. 2d 616, 618 (7th Cir. 1982).

And the cause of action based on Sections 18 and 19 of Article I of the North Carolina Constitution is not maintainable because Section 18, the "open courts" provision, only guarantees a remedy for legally cognizable claims, *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E. 2d 868 (1983), and plaintiff's claim is not legally cognizable; and Section 19, the "law of the land" provision, is synonymous with the due process clause of the Fourteenth Amendment to the United States Constitution, *G I Surplus Store, Inc. v. Hunter*, 257 N.C. 206, 125 S.E. 2d 764 (1962), and no right of the children thereunder was violated.

Affirmed.

Judges WELLS and BECTON concur.