SHANNON LEE HAWKINS v. JAMES F. HAWKINS

No. 9025SC582

(Filed 5 February 1991)

**Damages § 11 (NCI3d) — establishment of cause of action — entitlement to nominal damages — support for punitive damages**

Once a cause of action is established, plaintiff is entitled to recover, as a matter of law, nominal damages, which in turn support an award of punitive damages. Therefore, where

the jury found that defendant committed an assault and battery upon plaintiff by sexual abuse, it could award punitive damages to plaintiff even though it refused to award compensatory damages and the court failed to submit an issue to the jury on nominal damages.

**Am Jur 2d, Damages § 744.**

**Sufficiency of showing of actual damages to support award of punitive damages — modern cases. 40 ALR4th 11.**

APPEAL by defendant from judgment entered 9 February 1990 in CALDWELL County Superior Court by *Judge Howard R. Greeson, Jr.* Heard in the Court of Appeals 5 December 1990.

*McElwee, McElwee, Cannon & Warden, by William H. McElwee, III, for plaintiff-appellee.*

*Rudisill & Brackett, P.A., by Curtis R. Sharpe, Jr., for defendant-appellant.*

GREENE, Judge.

Defendant appeals from the entry of a jury verdict awarding $25,000.00 in punitive damages to the plaintiff.

In her complaint the plaintiff seeks damages, compensatory and punitive, which she contends were the result of the defendant's assaults and batteries upon the plaintiff. The uncontradicted evidence at trial tended to show that the plaintiff was the adopted daughter of the defendant and that between plaintiff's ages of five and one-half years to fourteen years, the defendant sexually abused the plaintiff.

The following issues were submitted to and answered by the jury:

1. Did James F. Hawkins commit an assault(s) and battery(ies) on Shannon Lee Hawkins?

ANSWER: Yes

2. If so, what amount, if any, is Shannon Lee Hawkins entitled to recover for:

a. Medical expenses: None

b. Future medical expenses: None

c. Pain and suffering: None

3. In your discretion what amount of punitive damages, if any, should be awarded to Shannon Lee Hawkins?

ANSWER: $25,000.00

In charging the jury, the trial court gave the following instruction regarding the elements of assault and battery:

[A]n assault is a threat or intent by force or violence to do some injury to another by one who apparently has the present ability to do so under circumstances creating a reasonable apprehension of injury. Now a battery is the willful touching of a person without their consent and in a rude or angry manner. It is the consummation of an assault. Now every person has the right to be let alone and freedom from harmful or offensive contact with any other person.

The trial court did not instruct the jury as to nominal damages. On the issue of punitive damages, the trial court instructed in pertinent part:

Now this third issue as to punitive damages . . . in your discretion what amount of punitive damages, if any, should be awarded to Shannon Lee Hawkins? Of course, you won't answer this issue unless you have answered this first issue yes. . . . [Punitive damages] may be awarded only when the jury finds that the conduct of the defendant is so outrageous as to justify punishing him or making an example of him. Upon such a finding whether to award such damages and within reasonable limits the amount to be awarded are matters within the sound discretion of the jury.

. . . .

So I instruct you that if you find by the greater weight of the evidence that James Hawkins' conduct was accompanied by such aggravated circumstances, and under the instruction I have given you would permit an award of punitive damages, you may award Shannon Hawkins an amount which in your discretion will serve to punish James Hawkins and to deter others from committing like offenses.

After the jury verdict was rendered, the defendant moved that "notwithstanding the verdict, the court not award punitive damages." The trial court denied the motion and ordered that the "plaintiff have and recover of the defendant the sum of $25,000 together with the cost of this action as taxed by the Clerk of Superior Court for Caldwell County."

---

The sole issue presented is whether the lack of an award of at least nominal damages precludes an award of punitive damages.

As a general rule, "[p]unitive damages do not and cannot exist as an independent cause of action, but are mere incidents of the cause of action and can never constitute a basis for it. If the injured party has no cause of action independent of a supposed right to recover punitive damages, then he has no cause of action at all." J. Stein, *Damages and Recovery* § 195 at 389 (1972). North Carolina follows this general rule of law. "[Where] a right of action exists, though the loss is nominal, exemplary damages may be recovered in a proper case; for the plaintiff had a right to maintain his action apart from the privilege of recovering exemplary damages." *Sanders v. Gilbert*, 156 N.C. 463, 479, 72 S.E. 610, 616 (1911). Once a cause of action is established, plaintiff is entitled to recover, as a matter of law, nominal damages, which in turn support an award of punitive damages. *Worthy v. Knight*, 210 N.C. 498, 499, 187 S.E. 771, 772 (1936); *Hairston v. Greyhound Corp.*, 220 N.C. 642, 644, 18 S.E.2d 166, 168 (1942) (invasion of legal right entitles plaintiff to at least nominal damages). *See also Parris v. Fischer & Co.*, 221 N.C. 110, 19 S.E.2d 128 (1942); *Clemmons v. Life Insurance Co.*, 274 N.C. 416, 163 S.E.2d 761 (1968); *Shugar v. Guill*, 304 N.C. 332, 283 S.E.2d 507 (1981); *Fagan v. Hazzard*, 29 N.C. App. 618, 225 S.E.2d 640 (1976); *Onslow v. Fisher*, 60 N.C. App. 55, 298 S.E.2d 718 (1982), *aff'd*, 308 N.C. 540, 302 S.E.2d 632 (1983); *Hewes v. Wolfe*, 74 N.C. App. 610, 330 S.E.2d 16 (1985). Therefore, the failure of the plaintiff to actually receive an *award* of either nominal or compensatory damages is immaterial. The question thus becomes one of whether plaintiff in this case has established her cause of action for assault and battery.

Certain torts require as an essential element to a cause of action that plaintiff incur actual damage. We define actual damage to mean some actual loss, hurt or harm resulting from the illegal invasion of a legal right. *See* 22 Am. Jur. 2d *Damages* § 2 (1988).

These torts include, among others, fraudulent misrepresentation, *Speller v. Speller*, 273 N.C. 340, 159 S.E.2d 894 (1968); interference with contractual relations, *United Laboratories v. Kuykendall*, 87 N.C. App. 296, 361 S.E.2d 292 (1987), *aff'd in part, rev'd in part*, 322 N.C. 643, 370 S.E.2d 375 (1988); institution of wrongful civil proceedings, 2 W. Haynes, North Carolina Tort Law § 30-3 (1989); nuisance, *Hanna v. Brady*, 73 N.C. App. 521, 327 S.E.2d 22, *disc. rev. denied*, 313 N.C. 600, 332 S.E.2d 179 (1985); and defamation per quod, 1 W. Haynes, North Carolina Tort Law § 8-11 (1989).

Other torts, however, do not include actual damage as an essential element. These torts include, among others, conversion, *Spinks v. Taylor & Richardson v. Taylor Co.*, 303 N.C. 256, 278 S.E.2d 501 (1981); defamation per se, 1 *Haynes* § 8-11; false imprisonment, *Lewis v. Clegg*, 120 N.C. 292, 26 S.E. 772 (1897); malicious prosecution, 1 *Haynes* § 14-3; invasion of privacy, *Barr v. Southern Bell Telephone & Telegraph Co.*, 13 N.C. App. 388, 185 S.E.2d 714 (1972); trespass to chattels (except by dispossession), 2 *Haynes* § 27-4; and trespass to land, *Suggs v. Carroll*, 76 N.C. App. 420, 333 S.E.2d 510 (1985).

The elements of assault are intent, offer of injury, reasonable apprehension, apparent ability, and imminent threat of injury. 1 *Haynes* § 3-3. Plaintiff establishes a cause of action for assault upon proof of these technical elements without proof of actual damage. 1 *Haynes* § 3-5. The elements of battery are intent, harmful or offensive contact, causation, and lack of privilege. 1 *Haynes* § 4-2. As with assault, a showing of actual damage is not an essential element of battery. 1 *Haynes* § 4-5.

The jurors in the present case were instructed, consistent with this opinion, on the elements of assault and battery and they decided this separate issue in favor of plaintiff, thereby establishing plaintiff's cause of action for assault and battery. In addition, defendant does not argue that plaintiff has not established the torts of assault and battery. Therefore, the failure of the jury to award nominal or compensatory damages is immaterial to plaintiff's award of punitive damages.

We reject defendant's argument that plaintiff must have actually *recovered* at least nominal damages, through a jury award, to be entitled to punitive damages. *See Jones v. Gwynne*, 312 N.C. 393, 405, 323 S.E.2d 9, 16 (1984) (jury "must *award* the plaintiff either compensatory or nominal damages") (emphasis added); *Scott*

*v. Kiker*, 59 N.C. App. 458, 462, 297 S.E.2d 142, 145 (1982) (compensatory damages must be *awarded*); *Kuykendall v. Turner*, 61 N.C. App. 638, 643, 301 S.E.2d 715, 719 (1983) (plaintiff must *recover* nominal or compensatory damages); *Lynch v. North Carolina Dept. of Justice*, 93 N.C. App. 57, 60, 376 S.E.2d 247, 249 (1989) (punitive damages cannot be awarded in the absence of compensatory damages). The issue presented to this court was not squarely presented to the courts in the cases cited by defendant since in those cases plaintiff was either awarded compensatory damages or no damages at all. Here, we are faced with an award of punitive damages where the jury refused to award compensatory damages and the trial court did not submit an issue to the jury on nominal damages. Furthermore, we read the language in those cases, as well as the authorities they cite, as stating only the well-recognized principle that plaintiff may not maintain a civil action merely to inflict punishment or to collect punitive damages, but that a cause of action must exist. *Worthy*.

Beyond establishing a cause of action, plaintiff must also show the presence of aggravating circumstances such as malicious, wanton and reckless injury before plaintiff is entitled to punitive damages. *Worthy* at 499, 187 S.E. at 772. The jury in this case was so instructed and defendant raises no issue regarding this prerequisite to an award of punitive damages.

Defendant argues in his brief that an award of punitive damages violates the eighth and fourteenth amendments to the Constitution of the United States and the related provisions of Sections 19 and 27 of Article I of the Constitution of North Carolina. As we see no evidence in the record that these constitutional issues were raised at trial, we do not consider them on appeal. *State v. Hunter*, 305 N.C. 106, 112, 286 S.E.2d 535, 539 (1982).

Accordingly, we find no error in the failure of the trial court to set aside the verdict of the jury awarding punitive damages.

No error.

Judges PHILLIPS and ORR concur.