CAROL IADANZA, Plaintiff v. ROBERT N. HARPER JR., MD. and DIGESTIVE DISEASES DIAGNOSTIC CENTER, P.A., Defendants

No. COA04-801

(Filed 19 April 2005)

**1. Damages and Remedies— compensatory—pain and suffering**

The trial court erred by awarding summary judgment for defendants on compensatory damages arising from a nonprofessional relationship, of disputed degree, between a doctor and patient. Although plaintiff did not offer proof of physical pain, that is only one aspect of pain and suffering. Emotional suffering may be included, and there is no support for the contention that the psychological part of pain and suffering damages must meet the same standard as the essential element of severe emotional distress in a claim for infliction of emotional distress. The question of the sufficiency of the evidence of emotional distress was not raised below and was not addressed on appeal.

**2. Libel and Slander— slander per se—statute of limitations—unsigned letters**

The trial court properly dismissed a counterclaim for slander per se in a claim arising from a nonprofessional relationship between a doctor and patient where the one-year statute of limitations barred claims from all communications but unsigned letters, which cannot constitute slander.

**3. Damages and Remedies— punitive—underlying claim dismissed**

The trial court should have dismissed a counterclaim for punitive damages where the underlying counterclaims were properly dismissed. Punitive damages do not exist as an independent cause of action.

Appeal by plaintiff and defendant-counterclaimant from order entered 13 February 2004 by Judge Evelyn W. Hill in Wake County Superior Court. Heard in the Court of Appeals 3 February 2005.

*Kuniholm Law Firm, by Elizabeth F. Kuniholm, Lucy N. Inman, and Ashley Browning Scruggs, for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Bryson & Anderson, L.L.P., by Mark E. Anderson, Charles George, and Tobias S. Hampson, for defendants-cross appellees.*

*Bailey & Dixon, L.L.P., by Gary S. Parsons, David S. Wisz, and Phillip A. Collins, for counter defendant-cross appellees.*

*Brotherton, Ford, Yeoman & Worley, PLLC, by Richard D. Yeoman for defendant Digestive Diseases Diagnostic Center, P.A.*

LEVINSON, Judge.

Plaintiff (Carol Iadanza) appeals the trial court's order for partial summary judgment in favor of defendants (Dr. Robert N. Harper, Jr., and Digestive Diseases Diagnostic Center, P.A.). Defendant (Dr. Robert N. Harper, Jr.) appeals from the trial court's dismissal of his counterclaims. We affirm in part and reverse in part.

The relevant factual and procedural background is summarized as follows: On 7 January 2000 plaintiff Carol Iadanza (Iadanza) consulted defendant Dr. Robert Harper (Harper), for treatment of gastrointestinal symptoms. Thereafter, Harper provided medical care to plaintiff; the parties agree they had a physician-patient relationship, but disagree on its duration. The parties also agree that there were non-professional interactions between them. However, plaintiff and defendants are in sharp disagreement on key issues, including: who initiated the non-professional contacts; their respective personal hopes for a romantic or sexual relationship; the extent of their interactions; and which of them "pursued" the other. Iadanza generally alleges that during the time she was Harper's patient he persistently sought a sexual relationship with her, as demonstrated by his phone calls; his insistence on private meetings; his sexual advances and remarks; and his giving plaintiff a glass of drugged wine. Harper admits that the two had a "friendly non-professional relationship," but denies any romantic interest in Iadanza, and asserts that she was the one who pursued a sexual relationship, which he consistently rebuffed.

On 27 February 2003, Iadanza filed suit against defendants seeking compensatory and punitive damages for professional negligence, breach of fiduciary duty, and intentional and negligent infliction of emotional distress. On 10 March 2003, defendants filed an answer denying the material allegations of Iadanza's complaint. Harper also asserted counterclaims against Iadanza and her husband Anthony Iadanza seeking compensatory and punitive damages for slander *per se*, unfair and deceptive trade practices, civil conspiracy, facilitation of fraud, malicious prosecution, and abuse of process. Plaintiff replied, denying all material allegations and moving for dismissal of

defendant's counterclaims. Thereafter, defendants moved for partial summary judgment on the issue of actual damages.

On 13 February 2004 the trial court ruled on the parties' pretrial motions, in an order stating in relevant part that:

[1] Defendant's Motion for Partial Summary judgment on the issue of actual damages with respect to each and every claim for relief set forth in the Plaintiff's Amended Complaint is ALLOWED.

[2] Counter Defendants' Motion to Dismiss Counterclaimant's Robert N. Harper, Jr., M.D. counterclaims is ALLOWED as follows:

[a] The counterclaim for slander *per se* is dismissed as barred by the one year statute of limitations.

[b] The counterclaim for unfair and deceptive trade practice is dismissed pursuant to Rule 12(b)(6).

[c] The counterclaim for malicious prosecution is dismissed pursuant to Rule 12(b)(6) for failure to allege special damages.

[d] The counterclaim for abuse of process is dismissed pursuant to Rule 12(b)(6) for failure to allege a wrongful act was committed by the Counter Defendants.

[e] The counterclaim for civil conspiracy is dismissed because said counterclaim is a derivative claim and fails as the underlying tort claims fail.

. . . .

[f] The counterclaim for facilitation of fraud is dismissed pursuant to Rule 12(b)(6).

From this order the parties appeal.

## Plaintiff's Appeal from Partial Summary Judgment

[1] Plaintiff Carol Iadanza appeals from the trial court's award of summary judgment in favor of defendants on her claim for compensatory damages. She argues that the trial court erred in ordering summary judgment because the evidence raises genuine issues of material fact on the issue of compensatory damages. We agree.

Summary judgment is properly granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2003). In ruling on summary judgment:

> a court does not resolve questions of fact but determines whether there is a genuine issue of material fact. . . . Thus a defending party is entitled to summary judgment if he can show that claimant cannot prove the existence of an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.

*Ward v. Durham Life Insurance Co.*, 325 N.C. 202, 209, 381 S.E.2d 698, 702 (1989) (citation omitted). "On appeal, this Court's standard of review involves a two-step determination of whether (1) the relevant evidence establishes the absence of a genuine issue as to any material fact, and (2) either party is entitled to judgment as a matter of law." *Guthrie v. Conroy*, 152 N.C. App. 15, 21, 567 S.E.2d 403, 408 (2002) (citations omitted).

Plaintiff herein appeals the court's order of summary judgment for defendants on plaintiff's claim for actual, or compensatory, damages. Accordingly, we first review pertinent legal principles governing the award of damages in civil cases.

"We define actual damage to mean some actual loss, hurt or harm resulting from the illegal invasion of a legal right." *Hawkins v. Hawkins*, 101 N.C. App. 529, 532, 400 S.E.2d 472, 474-75 (1991). Compensatory damages include both general and special damages. "According to our Supreme Court, 'general damages are such as might accrue to any person similarly injured, while special damages are such as did in fact accrue to the particular individual by reason of the particular circumstances of the case.'" *Pleasant Valley Promenade v. Lechmere, Inc.*, 120 N.C. App. 650, 671, 464 S.E.2d 47, 62 (1995) (quoting *Penner v. Elliott*, 225 N.C. 33, 35, 33 S.E.2d 124, 126 (1945)). Further:

> General damages . . . include such matters as mental or physical pain and suffering, inconvenience, or loss of enjoyment which cannot be definitively measured in monetary terms[.] . . . [S]pecial damages are usually synonymous with pecuniary loss. Medical and hospital expenses, as well as loss of earnings . . . are regarded as special damages in personal-injury cases.

22 Am. Jur. 2d *Damages* § 42 (2003). In the instant case, Iadanza did not allege "special damages" such as medical expenses, lost wages, or other direct financial injury. Defendant argues that, for this reason, the trial court properly granted summary judgment on her claim for actual damages. We disagree.

Defendant contends that plaintiff is not entitled to general damages because she did not offer proof of "physical pain and suffering." "Compensatory damages provide recovery for, *inter alia*, mental or physical pain and suffering, lost wages and medical expenses." *Schenk v. HNA Holdings, Inc.*, 167 N.C. App. 47, 55, 604 S.E.2d 689, 694 (2004) (citation omitted). Thus, "pain and suffering" may be a discrete basis for recovery. *See Sharpe v. Pugh*, 270 N.C. 598, 602, 155 S.E.2d 108, 111 (1967) (court erred by striking parent's "separate claim for personal injuries . . . based solely on [child's] pain and suffering"). Moreover, **physical** injury is only one aspect of "pain and suffering," which also may include emotional suffering:

> If plaintiffs prove their claim of negligence at trial, they would be entitled to all damages which proximately flow from this negligence including all physical and mental injuries and pain and suffering. As to the element of damages for pain and suffering: **Pain and suffering damages are intended to redress a wide array of injuries ranging from physical pain to anxiety, depression, and the resulting adverse impact upon the injured party's lifestyle**.

*Connelly v. Family Inns of Am., Inc.*, 141 N.C. App. 583, 595-96, 540 S.E.2d 38, 43 (2000) (citing *David A. Logan and Wayne A. Logan*, North Carolina Torts § 8.20 (d) at 178 (1996)) (emphasis added).

Defendant also argues that plaintiff cannot recover general damages for pain and suffering without proof of "severe emotional distress." This argument confuses the "severe emotional distress" that is an essential **element** of a claim for negligent or intentional infliction of emotional distress, with the emotional suffering that may be part of a claim seeking damages for general "pain and suffering." Defendant cites no cases in support of the proposition that the psychological component of **damages** for "pain and suffering" must meet the same standard as the **element** of "severe emotional distress" that is part of claims for infliction of emotional distress, and we find none. Accordingly, we reject defendant's argument.

Finally, defendant argues that the trial court's entry of summary judgment on plaintiff's claim for damages should be upheld on the

IADANZA v. HARPER

[169 N.C. App. 776 (2005)]

grounds that plaintiff failed to produce sufficient evidence of "severe emotional distress" such as could withstand a summary judgment motion. This issue is not properly before this Court. Defendants moved for partial summary judgment only on plaintiff's claim for compensatory damages, and the trial court's order was confined to a ruling on that issue. The adequacy of plaintiff's complaint to state claims for infliction of emotional distress was neither raised at the trial level nor assigned as error on appeal. "[Defendant] raise[s] th[ese] issue[s] for the first time on appeal to this Court. This Court has long held that issues and theories of a case not raised below will not be considered on appeal, and th[ese] issue[s are] not properly before this Court." *Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjust.*, 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001). As this issue is not properly before us, we do not address it.

We conclude that the trial court erred by granting partial summary judgment on the issue of damages, and that the order for partial summary judgment must be reversed.

## Defendant's Appeal From Dismissal of Counterclaims

[2] Defendant appeals from the trial court's dismissal of his counterclaims for slander *per se*, unfair and deceptive trade practices, civil conspiracy, and malicious prosecution.[1]

We first consider the trial court's dismissal of defendant's claim for slander *per se*. "The term defamation includes two distinct torts, libel and slander. In general, libel is written while slander is oral." *Tallent v. Blake*, 57 N.C. App. 249, 251, 291 S.E.2d 336, 338 (1982) (citation omitted). Specifically:

Slander has been defined by this Court as **'oral defamation,' or 'the speaking [as opposed to the writing]** of base or defamatory words which tend to prejudice another in his reputation, office, trade, business, or means of livelihood.' . . . [W]e **reaffirm the historical distinction between libel and slander**.

*Donovan v. Fiumara*, 114 N.C. App. 524, 526, 536, 442 S.E.2d 572, 574 and 580 (1994) (quoting *Morrow v. Kings Department Stores*, 57 N.C. App. 13, 20, 290 S.E.2d 732, 736 (1982), and citing *Tallent*, 57 N.C. App. at 251, 291 S.E.2d at 338 (1982)) (emphasis added). Moreover, if

---

1. Defendant did not assign error to the court's dismissal of his other claims, for facilitation of fraud and abuse of process, and any issues pertaining to those dismissals are deemed abandoned. N.C.R. App. Proc. 10.

a complaint alleges only one of the two defamation torts, *e.g.*, slander but not libel, this Court's review is likewise confined to that tort:

> [The] plaintiff's case was tried solely on the theory of slander; no issue as to libel was submitted. . . . The theory upon which the case was tried must prevail in considering the appeal, [and] interpreting the record[.] . . . This case was tried on the theory of slander, and plaintiff has not appealed or assigned as error the trial judge's failure to submit an issue as to libel. Therefore, plaintiff may not argue the law of libel on appeal.

*Tallent*, 57 N.C. App. at 252, 291 S.E.2d at 339 (citing *Paul v. Neece*, 244 N.C. 565, 94 S.E.2d 596 (1956)). In the instant case, defendant's counterclaim sought damages for slander *per se*, and did not assert a claim for damages based on libel. Accordingly, we determine the propriety of the trial court's ruling only as it pertains to the alleged tort of slander *per se*.

The trial court dismissed defendant's claim of slander *per se* "as barred by the one year statute of limitations." We conclude that the trial court ruled correctly.

Under N.C.G.S. § 1-54(3) (2003), the statute of limitations for a claim of slander or libel is one year. " 'To escape the bar of the statute of limitations, an action for libel or slander must be commenced within one year from the time the action accrues, G.S. 1-54(3), and the action accrues at the date of the publication of the defamatory words, regardless of the fact that plaintiff may discover the identity of the author only at a later date.' " *Gibson v. Mutual Life Ins. Co. of N.Y.*, 121 N.C. App. 284, 287, 465 S.E.2d 56, 58 (1996) (quoting *Price v. Penney Co.*, 26 N.C. App. 249, 252, 216 S.E.2d 154, 156 (1975)).

In the instant case, because defendant's counterclaim was filed on 10 March 2003, any slanderous statements made before 10 March 2002 are barred by the statute of limitations. Review of defendant's counterclaim reveals no allegations of any **oral** defamation, or slander, occurring after 10 March 2002. Indeed, the counterclaim includes only one allegation of behavior that is arguably within the statute of limitations:

> 32. In the fall of 2002, Dr. Harper's partner began receiving unsigned letters advising him that he had made a mistake entering into a partnership with Dr. Harper and should reconsider that partnership.

**IADANZA v. HARPER**

[169 N.C. App. 776 (2005)]

The parties have presented arguments about whether other paragraphs of defendant's counterclaim sufficiently attribute the anonymous letter-writing to the Iadanzas, and on whether the written statement, that Harper's partner had "made a mistake" by going into business with Harper, can be considered defamatory. We conclude that there is no need to address these issues. Paragraph 32 refers **only** to "unsigned letters" and not to **any** spoken or oral communication. Regardless of their content, "unsigned letters" cannot constitute **slander** because they are written rather than spoken. Accordingly, we conclude the trial court properly dismissed defendant's complaint for slander *per se* as barred by the statute of limitations.

Defendant also argues that the trial court erred by dismissing his other counterclaims for unfair and deceptive trade practices, civil conspiracy, and malicious prosecution. We have considered each of defendant's arguments and find them to be without merit. These assignments of error are overruled.

### Plaintiff's Appeal from Order on Defendant's Counterclaims

**[3]** Plaintiff has cross-appealed from the trial court's order dismissing defendant's counterclaims. Plaintiff argues first that the trial court erred by not ruling that counterclaim defendant Anthony Iadanza was not properly made a party to this action. As we are upholding the trial court's dismissal of defendant's counterclaims, we have no occasion to rule on this issue.

Plaintiff also argues that the trial court erred by not dismissing defendant's "counterclaim" for punitive damages. We agree. "As a general rule, '[p]unitive damages do not and cannot exist as an independent cause of action, but are mere incidents of the cause of action[.] . . . If the injured party has no cause of action independent of a supposed right to recover punitive damages, then he has no cause of action at all.' North Carolina follows this general rule of law." *Hawkins*, 101 N.C. App. at 532, 400 S.E.2d at 474 (quoting J. Stein, *Damages and Recovery* § 195 at 389 (1972)). In the instant case, the trial court properly dismissed defendant's counterclaims. Accordingly, defendant has no basis on which to claim punitive damages. We conclude the trial court's order should be reversed and remanded for dismissal of defendant's "counterclaim" for punitive damages.

We conclude the trial court erred by granting partial summary judgment in favor of defendants on the issue of compensatory dam-

NORFOLK S. RY. CO. v. SMITH

[169 N.C. App. 784 (2005)]

ages; that the trial court did not err by dismissing defendant's counterclaims; and that the trial court erred by not dismissing defendant's claim for punitive damages. Accordingly, the trial court's order is

Affirmed in part, and reversed and remanded in part.

Judges TIMMONS-GOODSON and HUDSON concur.