Burgess v. Am. Express Co., 2007 NCBC 15

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF POLK | 07 CVS 40 |

C. BURGESS,

      Plaintiff,

v.

AMERICAN EXPRESS COMPANY, INC.,
EXPERIAN INFORMATION SOLUTIONS,
INC., INNER CONCEPTS, INC.,
CINGULAR WIRELESS, LLC, TARGET
STORES, INC., WAL MART
ASSOCIATES, INC., AIS NETWORK,
INC., CLICKSPRING, LLC,
RINGTONE.COM, LLC, EBAY, INC.,
PUREVIDEO NETWORKS, INC.,
VARIOUS, INC., FRISCHMAN
ENTERPRISES, INC., AVIS BUDGET CAR
RENTAL, LLC, VONAGE AMERICA,
INC., OFFICE DEPOT, INC., CITIGROUP
CORPORATE, THE CREDO GROUP, INC.,
INTERNET BRANDS, INC., J.G.
WENTWORTH & CO., INC.,

      Defendants.

**ORDER**

*C. Burgess, Plaintiff, pro se.*

*Templeton & Raynor, P.A. by Kenneth Raynor for Defendant Target Stores, Inc.*

Diaz, Judge.

{1}    This matter is before the Court on the Motion of Defendant Target Stores, Inc. ("Target")

for More Definite Statement pursuant to Rule 12(e) of the North Carolina Rules of Civil

Procedure (the "Motion"). For the reasons stated below, the Court **DENIES** the Motion.

## I.

## SUMMARY OF THE FACTS

{2}    Plaintiff C. Burgess ("Burgess") filed his *pro se* Complaint on 13 February 2007.

{3}    On 1 March 2007, Burgess amended his Complaint, and on 5 March 2007, Burgess purported to amend his Complaint a second time. On 14 May 2007, the Court entered an Order striking Burgess's Second Amended Complaint for failure to comply with Rule 15 of the North Carolina Rules of Civil Procedure. (Order, May 14, 2007.)

{4}    In his Amended Complaint, Burgess alleges that Defendants AIS Network, Inc. and Clickspring, LLC illegally placed programs on his computer that facilitated the receipt of unwanted "pop-up" advertisements. (Am. Compl. ¶¶ 26-28, 46.) He further alleges that the various other Defendants, including Target, used these programs to illegally place unwanted "pop-up" advertisements on his computer, (Am. Compl. ¶¶ 29-30, 32-33, 38-40, 49-50, 52, 55-56), and that these "pop-up" advertisements, and the programs that facilitated them, have damaged his computer and invaded his property, (Am. Compl. ¶¶ 27, 34-36, 40, 49, 51).

{5}    On 21 March 2007, Defendant American Express Company, Inc. filed a Notice of Designation of Action as Mandatory Complex Business Case under N.C. Gen. Stat. § 7A-45.4.

{6}    On 22 March 2007, the Chief Justice of the North Carolina Supreme Court designated this case a mandatory complex business case, and on 26 March 2007, Judge Ben Tennille, the Chief Special Superior Court Judge for Complex Business Cases, assigned this case to me.

{7}    On 23 April 2007, Target filed its Motion for More Definite Statement.

{8}    On 11 May 2007, Target filed a Memorandum in Support of the Motion.

{9}    On 16 May 2007, Burgess filed a Reply to Target's Motion for More Definite Statement.

{10}   Pursuant to Rule 15.4 of the General Rules of Practice and Procedure for the North Carolina Business Court (the "Business Court Rules"), the Court decides the Motion without a hearing.

## II.

## CONCLUSIONS OF LAW

{11}   Rule 12(e) of the North Carolina Rules of Civil Procedure provides relief in the form of a more definite statement when a pleading is so vague or lacking detail that a party cannot reasonably prepare a responsive pleading. *Redevelopment Comm'n v. Grimes*, 277 N.C. 634, 645-46, 178 S.E.2d 345, 352 (1971).

{12}   Rule 12(e) motions, however, are not favored—so long as the pleading fairly apprises the opposing party of the nature of the claim, a request for additional details is more properly the subject of discovery. *Ross v. Ross*, 33 N.C. App. 447, 454, 235 S.E.2d 405, 410 (1977).

{13}   In this case, Target complains that Burgess has failed to plead any specific facts with regard to Target that would allow it to prepare a responsive pleading.

{14}   The Court **DENIES** Target's Motion. I note first that at least six other Defendants have managed to file responsive pleadings in this case to allegations that are no more specific as to them. (*See* Answer of Def. Experian Information Solutions, Inc.; American Express Company, Inc.'s Mot. to Dismiss and Answer to Pl.'s Original Compl.; Mot. and Answer of Wal-Mart Associates, Inc.; Answer and Mot. to Dismiss of Avis Budget Car Rental, LLC; Citigroup's Answer to Pl.'s First Am. Compl.; Mot. and Answer of Clickspring, LLC.)

{15}   Moreover, while Burgess's Amended Complaint is perhaps not a model pleading, the Court discerns at least one viable claim under North Carolina state law, trespass to chattels.

{16}   Burgess's claim is premised on the appearance of unauthorized "pop-up" messages on his computer displaying the Defendants' advertisements. Burgess alleges specifically that Target (and other Defendants), through the services of a third-party intermediary, delivered

unauthorized "pop-up" advertisements to his computer and thereby caused damage to the same. (Am. Compl. ¶¶ 26-30, 34, 43, 45.)

{17}  Construing these allegations in the light most favorable to Burgess, he has at least alleged a claim for trespass to chattels under North Carolina common law, the elements of which are: (1) the plaintiff had either actual or constructive possession of the personalty or goods in question at the time of the trespass; and (2) there was an unauthorized, unlawful interference or dispossession of the property.  *See Fordham v. Eason*, 351 N.C. 151, 155, 521 S.E.2d 701, 704 (1999); *see also Sotelo v. DirectRevenue, LLC*, 384 F. Supp. 2d 1219, 1229-30 (N.D. Ill. 2005) (recognizing tort of trespass to chattels under Illinois common law for transmission of unauthorized "pop-up" advertisements to a plaintiff's computer).

{18}  The Court is also satisfied that Burgess has alleged actual harm; although, I note that actual damage is not required to pursue a claim for trespass to chattels in North Carolina, at least where the claim is based on unlawful interference.  *Hawkins v. Hawkins*, 101 N.C. App. 529, 533, 400 S.E.2d 472, 475 (1991).

{19}  Target's desire for additional details regarding the who, what, when, where, and why of the alleged tort, while understandable, is more properly the subject of discovery.

{20}  Finally, although there apparently is some mystery and intrigue surrounding Burgess's identity,[1] nothing in Rule 10 of the North Carolina Rules of Civil Procedure requires that a party's full name be set forth in the caption.  *See* 1 C. Gray Wilson, *North Carolina Civil Procedure* § 10-1, at 172 (2d ed. 1995).  To the extent that information is relevant to the lawsuit, Target may pursue the matter in discovery.

---

[1] *See* American Express Company, Inc.'s Mot. for Rule 11 Sanctions Against Pl. 3 (alleging that C. Burgess is actually Albert Charles Burgess, a fairly prolific North Carolina *pro se* litigant).

## CONCLUSION

{21} The Court **DENIES** the Motion.

**SO ORDERED**, this the 21st day of May, 2007.