***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Stephen T. Gheen and the assignments of error and/or briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order, except for the amount of the damages awarded. Accordingly, the Full Commission affirms and adopts the Decision and Order of Deputy Commissioner Stephen T. Gheen, with some modification to the damage award and enters the following Decision and Order.
 *********** *Page 2 
The following documents were introduced into evidence as:
 EXHIBITS
No exhibits were presented in this case.
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On or about June 24, 2005, the plaintiff, Floyd Lee Daniels (hereinafter "Daniels"), was incarcerated at the Lumberton Correctional Institution. Daniels suffered from a pre-existing back condition and the medical staff issued Daniels a shower chair for him to remain seated while using the shower to bathe. The shower room had a standard wall mounted safety rail installed which Daniels always used to help him into a standing position after he bathed. On this date, the rail dislodged from the wall when Daniels attempted to grab the rail and stand after his bath. When the rail dislodged, Daniels lost his balance and fell backwards landing on his right hip and lower back area. Daniels experienced an immediate onset of pain in his lower back and right hip. Subsequent x-rays revealed that Daniels incurred a hairline fracture to his pelvis.
2. The defendant, North Carolina Department of Correction (hereinafter "NCDOC"), provided Daniels with medical treatment associated with this incident. Daniels sustained the following expenses pursuant to his uncontroverted testimony: at least ten (10) medical visits costing $5.00 each; one (1) $7.00 emergency room visit; and free prescription medicine.
3. Daniels did not provide NCDOC medical reports or a doctor's permanency rating to the court addressing the issues of long-term care medical needs, maximum medical *Page 3 
improvement or permanent injury arising from this incident as evidence of substantial permanent damages.
 *********** CONCLUSIONS OF LAW
1. NCDOC employees and agents have a duty to exercise reasonable care in the inspection and maintenance of building handicap safety devices pursuant to NCDOC policy. Pennington v. Styron, 270 N.C. 80, 153 S.E. 2d 776
(1967). The dislodging of a handicap safety rail from the wall where it was supposed to be permanently mounted when a medically certified handicapped person uses the rail in the manner that it was intended to be used, in and of itself, establishes that one or more NCDOC employees or agents breached the duty of reasonable care. N.C. Gen. Stat. 143-291(a);Asfar v. Charlotte Auto Auction, Inc., 127 N.C. App. 502, 490 S.E.2d 598
(1997) (act itself may suggest some negligence). Daniels has proven by the greater weight of the evidence that NCDOC was negligent and violated the applicable standard of care in the failure to properly maintain the shower's handicap safety rail resulting in the Daniels' personal injuries. It was foreseeable that NCDOC's failure to inspect and maintain the shower's handicap safety rail would result in Daniels' personal injury. N.C. Gen. Stat. § 143-291, et seq.
2. Plaintiff is entitled to all damages which proximately flow from this negligence including all physical and mental injuries and pain and suffering. Iadanza v. Harper, 169 N.C. App. 776, 780, 611 S.E.2d 217,221 (2005). Plaintiff proved and is entitled to actual damages in the amount of $57.00. Hawkins v. Hawkins, 101 N.C. App. 529, 400 S.E.2d 472
(1991). Plaintiff further proved and is entitled to compensatory damages for pain and suffering in the amount of $393.00. Iadanza,169 N.C. App. 776, 611 S.E.2d 217 (2005).
 *********** *Page 4 
Based upon the forgoing Findings of Fact and Conclusions of Law, it is therefore
 ORDERED
1. Daniels shall have and recover from the NCDOC and the NCDOC shall pay Daniels the sum of FOUR HUNDRED FIFTY AND 00/100 dollars ($450.00) as money damages.
2. No costs assessed in this action.
This the __ day of April 2009. S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER