***********
The Full Commission has reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Houser, and the assignments of error and/or briefs before the Full Commission. The appealing party has shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission reverses the Decision and Order of Deputy Commissioner Houser.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction. *Page 2 
2. Plaintiff suffers from a back condition and was prescribed the medication Ultram for pain associated with said condition. Plaintiff was to receive four doses of Ultram per day.
3. On June 27, 2009, Nurse Lopp, a nurse at Warren Correctional Institution, failed to dispense a single dose of Ultram to Plaintiff at 3:00 p.m.
4. Plaintiff informed an employee of Defendant that he had not received his medication to no avail.
5. After he did not receive his dose of medication at 3:00 p.m., Plaintiff next received a dose at 8:00 p.m.
6. As the result of Nurse Lopp's failure to provide Plaintiff with his medication at 3:00 p.m., Plaintiff suffered pain until he received his next dose at 8:00 p.m.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. Defendant, by and through its employees, had a duty to exercise reasonable care in providing plaintiff with his prescription medication. N.C. Gen. Stat. § 143-291, et seq. Plaintiff has proven by the greater weight of the evidence that Nurse Lopp, an employee of Defendant, breached this duty, was negligent, and violated the applicable standard of care by failing to provide Plaintiff with a dose of his prescription medication on June 27, 2009, which *Page 3 
resulted in Plaintiff suffering pain until he received his next dose. Id. Accordingly, Plaintiff is entitled to recover damages of Defendant. Id.
3. Plaintiff is entitled to all damages which proximately flow from Defendant's negligence, including all physical and mental injuries and pain and suffering. Iadanza v. Harper,169 N.C. App. 776, 780, 611, S.E.2d 217, 221 (2005). Plaintiff proved and is entitled to compensatory damages for pain and suffering in the amount of $25.00 (twenty-five dollars).Id.
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. IT IS HEREBY ORDERED that Defendant shall pay damages in the amount of $25.00 (twenty-five dollars) to Plaintiff.
2. Defendant shall pay the costs.
This ___ day of June 2011.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ DANNY LEE McDONALD *Page 4 
COMMISSIONER *Page 1